## TODD, POLLOCK & GRANGER v. JOHNSON ET AL.

1. **Mortgage:** COVENANT OF WARRANTY. Where the mortgagee, upon a foreclosure of the mortgage and sale of the mortgaged premises, purchases the property for the amount of the debt, interest and costs, he cannot afterward maintain an action upon the covenants of warranty contained in the mortgage, unless the sale and satisfaction of the judgment shall be set aside.

Todd, Pollock & Granger v. Johnson.

*Appeal from Page Circuit Court.*

TUESDAY, JUNE 3.

IT is averred in the petition that on the 16th day of November, 1875, the defendants, being indebted to the plaintiff in the sum of six hundred and forty-eight dollars and thirty-three cents, to secure the payment of said sum, conveyed to plaintiff, by their mortgage deed, certain real estate; that said mortgage contained the following covenants of warranty: "To have and to hold the premises above described, with all the appurtenances thereto belonging, unto the said second parties (these plaintiffs), their heirs and assigns forever — the said parties of the first part (these defendants) hereby covenanting that the above described premises are free from any incumbrance, and will warrant and defend the title unto the said parties of the second part, their heirs and assigns, against all persons whomsoever claiming the same;" that at the time of the execution of the mortgage there was a prior lien on said premises amounting to the sum of two hundred and fifty dollars, and that plaintiffs, in order to preserve their rights, paid said lien to the holder thereof; that the amount secured to plaintiffs by said mortgage was not paid by defendants, and plaintiffs foreclosed the mortgage, and said premises were ordered to be sold to pay said debt; that at the sale on special execution there were no bidders excepting plaintiffs, and to protect themselves they were compelled to and did bid in said premises, paying the full value therefor, and relying upon the covenant of warranty made by the defendants in said mortgage; that said covenant of warranty was broken, to the injury of plaintiffs in the sum of two hundred and fifty dollars, the amount paid in discharge of said prior lien, for which sum judgment is prayed.

There are other averments in the petition by which it is claimed the defendants should discharge certain delinquent taxes upon said real estate. This claim was afterward with-

drawn, and is not now in controversy. The defendants answered said petition. There was a demurrer to the answers, and pending said demurrer the cause was submitted to the court on the following agreed statement of facts:

"It is agreed that the above cause shall be tried to the court on the allegations of the petition, which are hereby confessed to be true, except as the same may be modified or affected by the following admissions:

"1. The title of the lands was, at the time of the execution of the mortgage referred to, in defendant J. S. Johnson, and the interest of his co-defendant was the inchoate interest of the wife.

"2. That M. C. Johnson executed the note described in the mortgage as surety.

"3. That the property described in the mortgage was sold on execution for the sum of about seven hundred dollars, while the same, if unincumbered, was worth from one thousand to one thousand two hundred dollars.

"4. The incumbrance on the property at the time of the execution of the mortgage was in the sum of two hundred and fifty dollars, and that the balance of said incumbrance has accrued since that date, and while defendants were in the use and occupancy of the mortgaged premises.

"5. That plaintiffs nor defendant M. C. Johnson had no actual knowledge of the existence of said incumbrance at time of executing mortgage.

"6. That defendants would testify (if permitted so to do, against any and all objections made by plaintiffs) that it was the intent of defendant M. C. Johnson to convey her dower interest only in said lands."

The court, upon the case as thus made up, rendered judgment for the plaintiffs for the sum of two hundred and fifty dollars. Defendants appeal.

*W. P. Ferguson,* for appellants.

*Hepburn & Thummel,* for appellees.

Todd, Pollock & Granger v. Johnson.

ROTHROCK, J.—The mortgage was given to secure the payment of a note executed by both of the defendants. There was a prior lien of two hundred and fifty dollars on the premises, which the plaintiffs discharged. Whether this payment was made before or after the purchase at the foreclosure sale does not appear from the record. Presumably it was made after the sale. If made before the plaintiffs would probably have included that lien in the suit for foreclosure. This, however, as we view the rights of the parties, is not a material consideration, as will presently be seen.

1. MORTGAGE: covenant of warranty: satisfaction of judgment.

In 1 Jones on Mortgages, § 68, it is said: "The covenants of warranty in a mortgage are often of importance, especially in cases where the mortgagor has no title, or an imperfect one, at the time of making the mortgage, but afterward acquires one. They operate by way of estoppel or rebutter to them, so that the after acquired title inures to the benefit of the holder of the mortgage. Except in this way the covenants are of little use in a mortgage, because the damages for a breach of them would only entitle the holder of the mortgage to recover the amount due him on the mortgage, and this he can more readily recover by suit for the mortgage debt upon the note or bond, or upon the covenant for the payment of it sometimes contained in the mortgage."

It is averred by the petition, and appears by the agreed facts in the case at bar, that the mortgage was foreclosed. There is but one method by which a foreclosure can be had in this State. It must be by "action in court by equitable proceedings." Code, § 3319. And "when a mortgage or deed of trust is foreclosed by equitable proceedings the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same, with interest and costs." Code, § 3321. "If the mortgaged property does not sell for sufficient to satisfy the execution, a general execution

may be issued against the mortgagor, unless the parties have stipulated otherwise." Section 3322.

We have, then, this state of facts: The plaintiffs obtained a judgment against the defendants for the full amount secured by the mortgage. They purchased the mortgaged property at the foreclosure sale for the amount of the debt, interest and costs, as we understand the record before us. They now seek to recover on the covenants of warranty contained in the mortgage. We are clearly of the opinion that the action cannot be maintained. The plaintiffs have had judgment against the defendants for every dollar that was secured by the mortgage. The judgment has been satisfied in full by a sale of the mortgaged property. Unless the sale and satisfaction shall be set aside they have no claim whatever against the defendants. The debt which the mortgage secured has been paid, and no right of action upon the mortgage remains.

It appears from the agreed statement of facts that the plaintiffs had no knowledge of the existence of the prior incumbrance at the time the mortgage was executed. Whether they had actual knowledge at the time of the sheriff's sale does not appear, nor is it material whether they had such knowledge or not, for the principle is too well settled to need the aid of authority for its support that a purchaser at a foreclosure sale, whether he be a party to the record or a stranger, is presumed to know the condition of the title which he purchases, as it appears of record, and in the absence of fraud the law will not ordinarily relieve a purchaser at such a sale who acquires a defective title.

Counsel for appellee have cited us to no adjudicated case in which the principle contended for by them in the suit at bar is recognized, and we have been unable to find any such case. Whatever may be found in other jurisdictions, we feel constrained to hold that under the requirements of our statute, as to the foreclosure of mortgages, this action cannot be maintained.

                                    REVERSED.