**Vendor and Purchaser — Covenant against Incumbrances — Gen. St. 1878, c. 40, § 35.**—"Whoever conveys real estate by deed or mortgage containing a covenant that it is free from all incumbrances, when an incumbrance *appears of record to exist thereon,* whether known or unknown to him, shall be liable, in an action of contract, to the grantee, his heirs, executor, administrator, successors, or assigns, for all damages sustained *in removing the same.*" Gen. St. 1878, c. 40, § 35. *Held,* that this has reference solely to incumbrances *appearing* of record to exist, *but not existing in fact,* as in the case of a recorded mortgage which has been fully paid but not discharged of record, the object of the statute being to give a right of action in such cases against the grantor in favor of the grantee, his assigns, etc., "for all damages in removing the same," as a cloud upon the title.

On November 13, 1879, the defendant, being then the owner of certain land, conveyed the same in fee to the plaintiff by a warranty deed containing a covenant that the land was free from all incumbrances, the expressed and real consideration for such conveyance being $650, which was fair and adequate. At the time of such conveyance the land was subject to the lien of a certain docketed judgment for the sum of $2,045.88, against one Waldron, who had been the owner of the land, but the existence of such lien was unknown to plaintiff and defendant. After the conveyance to plaintiff, the land was sold under the judgment, and the plaintiff was compelled to and did redeem the same by paying the sum of $3,347.33, on December 17, 1884. After plaintiff purchased the land, and before he discovered that the same was incumbered, he made improvements thereon amounting to the sum of $3,500, and the premises are now worth $8,000.

Upon the above facts, (which were admitted,) the plaintiff brought this action in the district court for Hennepin county, to recover $3,500, his expense and damage in removing the lien of such judgment. The action was submitted upon the above admitted facts to *Lochren, J.,*

who ordered judgment for plaintiff for the amount of the purchase price, $650, with interest from December 17, 1884. Plaintiff appeals from an order refusing a new trial.

*Arthur N. Jordan,* for appellant.

*Atwater & Hill,* for respondent.

MITCHELL, J. The question involved in this appeal is the construction to be given to Gen. St. 1878, *c.* 40, § 35, which reads: "Whoever conveys real estate by deed or mortgage containing a covenant that it is free from all incumbrances, when an incumbrance *appears of record to exist thereon,* whether known or unknown to him, shall be liable, in an action of contract, to the grantee, his heirs, executor, administrator, successors, or assigns, for all damages sustained in *removing the same."* Appellant claims that this was intended to change the rule which limited the measure of damages for a breach of the covenant by the consideration money for the conveyance. On the other hand, respondent claims that the object of the statute was to declare, contrary to what was the prevailing doctrine of the American courts, that an action on a covenant against incumbrances might be maintained by the assignee of the grantee. If either of these was the intention of the legislature, they have certainly failed to express it in apt language. No conceivable reason can be suggested why they should establish a different rule as to the measure of damages for a breach of the covenant against incumbrances from that which obtains for breaches of other covenants of title. On the other hand, if the object was as contended by respondent, no good reason can be suggested why they should give a right of action to an assignee of the grantee in case of a covenant against incumbrances, and not in case of other covenants *in præsenti,* as of seizin or of right to convey; and, under either construction suggested, we can see no possible reason why they should have limited the application of the rule to incumbrances *that appear of record,* or why they should have further limited it to cases where the incumbrance has been *removed,* and leave another rule to apply where it ripens into title, and the land has been lost. With all due deference to the able counsel, we think they are both in error as to the construction of this statute. We think it has reference solely to incumbrances *appearing* on the record to exist, *but*

*not existing in fact,* as in the case of a recorded mortgage which has been fully paid, but not discharged on the record. In such a case, an incumbrance *"would appear of record to exist,"* although none existed *in fact.* A covenantee in such a case could not, but for this statute, recover from the covenantor, because there was in fact no incumbrance, and yet he might be put to trouble and expense in removing the cloud from his title. The object of the statute was to give a right of action in such cases against the covenantor for "all damages sustained in removing the same." See Crocker, Notes Pub. St. Mass. 229.

The respondent concedes that, under the doctrine of *Kimball* v. *Bryant,* 25 Minn. 496, without reference to this statute, an action on a covenant against incumbrances can be maintained by an assignee of the grantee. It is true that in that case the covenant was one of seizin, but the reasoning of the opinion is equally applicable to all covenants *in præsenti,* and especially to one against incumbrances, which is a covenant of indemnity.

The result is that the order denying a new trial must be affirmed.