A. M. Lawton *et al. vs.* St. Paul Permanent Loan Co.

Submitted on briefs Jan. 19, 1894.　Affirmed Jan. 30, 1894.

No. 8538.

**Parol evidence to vary written instrument.**

The defendant made a loan to one L. of $2,000, secured by a real-estate mortgage, containing covenants of title. There being certain tax titles on the premises, defendant and L., as part of the transaction, executed a written agreement, by which defendant was to retain $500 from the amount of the loan, the $500 to be paid to plaintiffs whenever the title of the mortgaged premises was freed from all claims arising under the tax titles, *or upon payment of the mortgage in full*, and until the occurrence of one of these events the $500 to be retained *as security for the payment of the mortgage debt*. The title to the premises has never been freed from the tax title, but upon default in the condition of the mortgage debt, the defendant, under a power, sold the mortgaged premises, itself bidding them in for the full amount of the debt,—$2,000, and interest. In an action by the plaintiffs to recover the $500, claiming that the mortgage has been paid in full by the foreclosure sale, *held*, that the writing was a contract, and not a mere receipt, and that, although plaintiffs were not a party to it, yet, being the basis and measure of their right of recovery, the rule that a written instrument cannot be varied by parol is applicable.

**Contract construed.**

*Held*, also, that the $500 stood as additional security for the payment of the mortgage debt, and not as security for the performance of the covenants of title in the mortgage, and hence did not pass to the defendant as purchaser at the mortgage sale; that what defendant bought at the sale, and for which it made its bid, was the land, as warranted by the covenants, without reference to other securities held by it for the payment of the mortgage debt.

Appeal by defendant, the St. Paul Permanent Loan Company, a corporation, from a judgment of the District Court of Ramsey County, *John W. Willis*, J., entered August 9, 1893, against it for $545.06.

On August 1, 1891, defendant loaned to Peter La Croix $2,000 and took from him and wife a bond and mortgage securing repayment. It retained $500 of the money and gave La Croix the instrument set out in the opinion. La Croix at the same time agreed with the plaintiffs, A. M. Lawton and Henry C. James, that his claim to this $500 should go to them in part payment for real estate he bought of them. But La Croix failed to obtain from the estate of Edward

v.56m.—23

Langevin cancellation of the assessments and tax titles and defendant refused to pay over to plaintiffs the $500. The debt fell due and the defendant foreclosed its mortgage under a power of sale therein and on January 17, 1893, bid in the property for the full amount due thereon and took a certificate of sale. Plaintiffs then brought this action for the $500. They obtained judgment and defendant appeals.

*Walter L. Chapin,* for appellant.

If this action is maintained by the plaintiff on the theory that it is an action for money had and received by defendant for plaintiff's benefit, parol evidence of the circumstances and verbal agreements is of course admissible, in order to show whether or not a state of facts existed from which the law would imply the promise to pay; for an action for money had and received is never founded on an express contract, but on the facts existing which might go to show that one had money he ought in good conscience to pay over, the law itself creating the privity and the obligation to pay. *Brand* v. *Williams,* 29 Minn. 238; *National C. & L. B.* v. *Cyclone S. S. P. Co.,* 49 Minn. 125.

Defendant maintains that *Exhibit C.* is not a contract at all, but a mere acknowledgment of the holding of money by the defendant, given after the whole transaction of the loan was completed and the money deposited with defendant, and after the conditions of the holding and defendant's rights in the money had been agreed upon between La Croix and defendant.

But conceding *Exhibit C.* to be a contract, yet plaintiffs being strangers to it and to the consideration cannot sue on it. Nothing appears on the face of the instrument to show a consideration moving from Lawton and James, or any privity between La Croix and plaintiffs. *Sanders* v. *Clason,* 13 Minn. 379; *Hawley* v. *Wilkinson,* 18 Minn. 525; *Follansbee* v. *Johnson,* 28 Minn. 311; *Stariha* v. *Greenwood,* 28 Minn. 521; *Brown* v. *Stillman,* 43 Minn. 126.

*Henry C. James,* for respondents.

Plaintiffs being entitled to $500 from La Croix, leave it with defendant as security upon the written agreement, that the $500 should be paid over to plaintiffs whenever the title should be free from the

tax titles, or upon the payment of said mortgage in full, and until the concurrence of one of the said events the said $500 is to be retained as security for the payment of said mortgage debt. The mortgage debt has been paid by the foreclosure sale, and the plaintiffs' claim has thereby become due. *American B. & L. Ass'n* v. *Waleen,* 52 Minn. 23; *Sergeant* v. *Ruble,* 33 Minn. 354.

The evidence offered as to tax or assessment matters was properly rejected, because, the debt having been paid, to secure which the deposit was left, the state of the title of the mortgaged property was not material.

MITCHELL, J. The defendant made a loan to one La Croix of $2,000, and took as security therefor from him a mortgage, with covenants of title. There being certain city assessments or tax titles on part of the mortgaged premises, defendant and La Croix, as part of the same transaction, executed the following written agreement: Exhibit C:

"Whereas, the St. Paul Permanent Loan Company has made a loan of two thousand dollars to Peter La Croix, and has taken as security therefor from said La Croix and wife a mortgage upon the west half of lot fourteen, in block seven, of Marshall's addition to West St. Paul, according to the recorded plat thereof, on file and of record in the office of the register of deeds of Ramsey county, Minnesota, and upon the undivided half of the east half of said lot; and

Whereas, certain city assessments or tax titles are held by the estate of Edward Langevin upon said undivided half of the east half of said lot:

Now, the said company, by agreement of all parties, has retained in its possession five hundred dollars ($500.00) from the amount of said loan, said sum of five hundred dollars ($500.00) to be paid over to Henry C. James and A. M. Lawton whenever the title of said La Croix to said undivided half of said east half of said lot is free from all claims arising from the said or any assessment or tax titles, and said mortgage is made superior of record to any claims, *or upon the payment of said mortgage in full;* and, until the occurrence of one of said events, the said five hundred dollars is to be retained *as security for the payment of said mortgage debt.* [Signed] ————."

In accordance with this agreement, the defendant retained $500 from the amount loaned. The title of the mortgaged premises has never been freed from claims arising under these city assessments or tax titles; but, on default in the conditions of the mortgage, the defendant, under a power, sold the premises, and itself purchased them for the full amount of the mortgage debt,—$2,000, interest and costs.

Plaintiffs, the parties named in the agreement, bring this action to recover the $500, claiming that the second or alternative condition upon which the money was to be paid over, to wit, "the payment of the mortgage in full," has been fulfilled.

It is very clear that Exhibit C embodies a contract, and is not a mere receipt; and hence, so far as it is contractual in its character, it cannot be contradicted or varied by parol evidence, if the general rule is applicable.

Defendant's counsel insists that as plaintiffs were not parties to the contract, and as it does not appear that La Croix, the promisee, owed any duty or was under any obligations to them, therefore the action is not one on the express contract, but one for money had and received. It is not necessary to determine which of these is the correct description of the character of the action, for in either case the rights of the plaintiffs originate in, and are founded upon, the written contract, which is at once both the basis and measure of defendant's liability; and hence parol evidence was inadmissible to vary or contradict its terms, within the principle announced in *Sayre* v. *Burdick*, 47 Minn. 367, (50 N. W. 245,) and *Minneapolis, St. P. & S. Ste. M. Ry. Co.* v. *Home Ins. Co.*, 55 Minn. 236, (56 N. W. 815.) All of the evidence offered by defendant, except as to circumstances which fully appeared from the writing itself, was of this character, and hence properly excluded.

This brings us to the principal question in the case.

Defendant contends that the $500 stood as security for the performance of the covenants of title in the mortgage, which, of course,. passed to it as purchaser at the mortgage sale, and hence that it still has a right to hold the money until these covenants are fully performed.

On the other hand, plaintiffs' contention is that the money stood

an additional security *for the payment of the mortgage debt,* and that this has been as fully and as effectually paid by the sale of the premises as if paid in money. It seems to us clear that the express language of the contract is conclusive in favor of the contention of the plaintiffs.

Upon the facts recited and disclosed in the contract, we think the case stood precisely as if defendant had let La Croix have the full $2,000, and had taken from him some other collateral security for the loan, in addition to the mortgage. Defendant, in effect, held two securities. One of these had been sold, without reference to the other; and what the purchaser took was just what was sold, to wit, the land, and nothing more.

It can make no difference whether the purchaser at the mortgage sale was the mortgagee or a stranger. Both must be bidders on the same basis. Had a stranger been the purchaser, he would clearly have bid on the basis of the value of the land, as warranted by the covenants of title in the mortgage, without reference to any other collaterals held by the mortgagee, as security for the payment of the debt. He would have acquired no equitable interest in the other securities, even in case of a breach of the covenants of title in the mortgage. When the mortgagee becomes the purchaser, he stands in no different or better position than would any other purchaser. The doctrines of marshaling, or of the equitable assignment of, securities, have no application. After the mortgage sale, the defendant was no longer a creditor, but a purchaser, of the premises; the consideration which he paid representing the value of the land, as warranted by the covenants, without reference to any additional securities which he held for the payment of the mortgage debt.

The case is not essentially different in principle from that of the purchaser of the equity of redemption in lands subject to a mortgage. See *Brewer* v. *Staples,* 3 Sandf. Ch. 579; *Stevens* v. *Church,* 41 Conn. 369; also, *American B. & L. Ass'n* v. *Waleen,* 52 Minn. 23, (53 N. W. 867.)

The supposed dilemma suggested at the close of the brief of counsel for defendant is predicated upon false premises. Had the mortgaged premises, because of the incumbrance of the tax titles, brought only $1,500, defendant would have had the undoubted right to retain the $500, notwithstanding that, after the foreclosure sale,

the title might have been "freed from all claims arising from said assessment or tax titles." The contract clearly contemplated that the title should be perfected before the enforcement of the mortgage, and not afterwards, when the defects in the title had done defendant all the harm they ever could do.

Judgment affirmed.

(Opinion published 57 N. W. Rep. 1061.)