SECURITY BANK OF MINNESOTA v. WILLIS J. HOLMES and Another.[1]

July 17, 1896.

Nos. 9946—(258).

**Covenants in Mortgage against Incumbrances—Running with Land.**

> A covenant against incumbrances which are a money charge on the land runs with the land, and an action may be maintained thereon by a remote grantee, who has discharged the incumbrances, although such covenant is one of the covenants in a mortgage through which he acquired his title to the land by a purchase thereof at a foreclosure sale.

Appeal by plaintiff from an order of the district court for St. Louis county, Moer, J., sustaining a demurrer to the complaint.    Reversed.

*Cobb & Wheelwright*, for appellant.

Covenants of seisin and against incumbrances in most states are held to be covenants in præsenti, and do not run with the land.    In Maine, Colorado, and Georgia statutes declare that the covenants against incumbrances shall run with the land, and vest in the assigns of the covenantee.    The same result has been obtained in New York, Ohio, Minnesota, and other states, by establishing a rule that every action must be prosecuted in the name of the real party in interest.    Rawle, Cov. Title, § 211; 19 Am. & Eng. Enc. Law, 1008.    See Gen. St. 1883, Colo. § 207; 1 Codes & Statutes Cal. (Hittell, 1876) §§ 6460–6467.    This court has held that the covenants of seisin and against incumbrances run with the land.    Kimball v. Bryant, 25 Minn. 496;  Hawthorne v. City Bank, 34 Minn. 382, 26 N. W. 4.    In the following cases it has been held that the covenant against incumbrances runs with the land, and can be enforced by a remote grantee. Knadler v. Sharp, 36 Iowa, 232;  M'Crady v. Brisbane, 1 Nott & McC. 104;  Sprague v. Baker, 17 Mass. 585;  Cole v. Kimball, 52 Vt. 639; Richard v. Bent, 59 Ill. 38;  Post v. Campau, 42 Mich. 90, 3 N. W. 272;  Foote v. Burnet, 10 Ohio, 317, 332;  Colby v. Osgood, 29 Barb. 339;  Roberts v. Levy, 3 Abb. Pr. (N. S.) 311;  Ernst v. Parsons, 54 How. Pr. 163;  Andrews v. Appel, 22 Hun, 429;  Dickson & Gantt v. Desire, 23 Mo. 151, 163;  Walker v. Deaver, 79 Mo. 664, 675;  Taylor

[1] Reported in 68 N. W. 113.

v. Priest, 21 Mo. App. 685; Martin v. Baker, 5 Blackf. 232. The liability under a covenant in a mortgage is the same as if the covenant were in a deed. Rawle, Cov. Title, § 26; Tefft v. Munson, 57 N. Y. 97; Jackson v. Little, 56 N. Y. 108; Thomas, Mortg. § 27; Ayer v. Philadelphia & B. F. B. Co., 157 Mass. 57, 31 N. E. 717; Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408, 51 N. W. 379; Butler v. Seward, 10 Allen, 466.

The liability for breach of covenant against incumbrances continues after foreclosure. It makes no difference whether the purchaser be the mortgagee or a stranger, for the benefits of covenants for title pass to the purchaser at judicial sales. American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; Lawton v. St. Paul P. L. Co., 56 Minn. 353, 57 N. W. 1061; Jackson v. Littell, 56 N. Y. 108; Devin v. Hendershott, 32 Iowa, 192.

*Washburn, Lewis & Judson,* for respondents.

A covenant against incumbrances does not run with the land. Kimball v. Bryant, 25 Minn. 496; Rawle, Cov. § 70; Andrews v. Davison, 17 N. H. 413, 43 Am. Dec. 606; Funk v. Voneida, 11 S. & R. 109, 14 Am. Dec. 617; Jones v. Warner, 81 Ill. 343; Allen v. Kennedy, 91 Mo. 324, 2 S. W. 142.

A purchaser at foreclosure sale is presumed to know the condition of the title, and to bid at his own risk; and if the title be doubtful, he can have it examined, and refuse to accept it, if defective. Jones, Mortg. § 1646; Pingrey, Mortg. § 1960; American B. & L. Assn. v. Waleen, 52 Minn. 23, 53 N. W. 867; Norton v. Taylor, 35 Neb. 466, 53 N. W. 481; Bishop v. O'Connor, 69 Ill. 431; Roberts v. Hughes, 81 Ill. 130; Hanger v. State, 27 Ark. 667; McMurry v. Brasfield, 10 Heisk. (Tenn.) 529; Boggs v. Fowler, 16 Cal. 560; Jackson v. Littell, 56 N. Y. 108; Riggs v. Purcell, 66 N. Y. 193; Graham v. Bleakie, 2 Daly, 55.

Covenants in a mortgage are security for the debt, and not for the title. The broken covenants in a mortgage do not pass to the purchaser at foreclosure, but are wholly for the benefit of the mortgagee; and whatever right of action there may be remains in the mortgagee as security for any deficiency upon his debt after foreclosure, and does not pass to the purchaser. Jones, Mortg. § 68; Todd v. Johnson, 51 Iowa, 192, 1 N. W. 498; Corbin v. Reed, 43 Iowa, 459.

START, C. J. The defendants, on August 31, 1889, executed and delivered to the W. B. Clark Investment Company a mortgage containing the usual covenants, including one against incumbrances, on certain real estate in the city of Fergus Falls in this state. On March 19, 1890, this mortgage was duly assigned to the plaintiff, and was afterwards foreclosed by action, and the premises sold to the plaintiff, and on January 31, 1893, a final decree was entered in the action vesting the title thereto in the plaintiff. At the time this mortgage was executed by the defendants, the premises therein described were incumbered by a prior mortgage in the sum of $2,500, and further by a certain party-wall contract. See First Nat. Bank v. Security Bank of Minnesota, 61 Minn. 25, 63 N. W. 264. The plaintiff paid and discharged the prior incumbrances, and brings this action on such covenant against incumbrances to recover from the defendants the amount so paid. The complaint duly alleged in detail the foregoing facts, to which the defendants demurred on the ground that it did not state facts sufficient to constitute a cause of action. The plaintiff appeals from an order sustaining the demurrer.

1. The first question presented by the record for our decision is, does a covenant against incumbrances run with the land? It is held by many of the courts in this country that of the five usual covenants in a deed of real estate, three of them—seisin, right to convey, and that the land is free from incumbrances—are personal covenants, and do not run with the land, for, if not true, there is a breach of them as soon as made, and they become choses in action, which are not technically assignable. After stating this rule, Chancellor Kent adds:

"It is, however, to be regretted that the technical scruple that a chose in action was not assignable does necessarily prevent the assignee from availing himself of any or of all the covenants. He is the most interested and the most fit person to claim the indemnity secured by them, for the compensation belongs to him as the last purchaser and the first sufferer."

4 Kent, Comm. 472.

This "technical scruple" has no force in this state, where choses in action are assignable; hence, on principle, there is no reason why we should not hold that the last purchaser and the first sufferer—that is, he who pays the prior incumbrance—is entitled to the benefit of

the covenant, and to the right of maintaining an action thereon in his own name.

Where the incumbrance, as in this case, can be discharged by the payment of a definite sum of money, there is only a technical breach of the covenant, and a right to only nominal damages therefor until the owner of the land pays the amount of the incumbrance, when the right to recover substantial damages first accrues for the first substantial breach of the covenant. Justice then requires that the owner of the land (whether he is the original covenantee or a remote grantee against whose land the incumbrance is first attempted to be enforced), who pays it, should have the benefit of the covenant which was made and taken for the protection and assurance of the title, which the covenantor assumed by his deed to pass to the covenantee.

It is immaterial whether we say that a covenant against an incumbrance which is a money charge on the land runs with the land, or that the cause of action for a breach of the covenant is assignable, and passes by deed to the grantee of the covenantee, immediate or remote, who sustains injury by reason of the incumbrance; for in either case we reach the same result. The covenant, which is one of indemnity, in effect attaches itself to the title assumed to be conveyed by the deed, and accompanies it for the protection of the covenantee or any of his assigns who may finally be injured by the incumbrance. In short, for all practical purposes, a covenant against incumbrances which are a money charge on the land runs with the land until they are discharged. Kimball v. Bryant, 25 Minn. 496. In that case the covenant was one of seisin, but the reason upon which the decision was based applies with greater force to the covenant against incumbrances, and establishes for this state the rule that an action on such covenant can be maintained by an assignee of the covenantee. Hawthorne v. City Bank, 34 Minn. 382, 26 N. W. 4. See further, on this question, Cole v. Kimball, 52 Vt. 639; Post v. Campau, 42 Mich. 90, 3 N. W. 272; Knadler v. Sharp, 36 Iowa, 232.

2. It is, however, claimed in behalf of the defendants that, whatever the rule may be where the covenant is in a deed, and the title passes by deed to the remote grantee of the covenantee, no right of action upon the covenant contained in a mortgage passes at a foreclosure sale to the purchaser.

In support of this claim counsel for defendants rely on 1 Jones, Mortg. § 68; Corbin v. Reed, 43 Iowa, 459; Hitchcock v. Merrick, 18 Wis. 375; Todd v. Johnson, 51 Iowa, 192, 1 N. W. 498. In the first case cited the covenant in the mortgage was that the property should be kept in good condition, and it was held that, after foreclosure and a sale of the mortgaged premises for the full amount of the debt and cost, an action could not be maintained by the mortgagee, who was the purchaser, for waste committed by the mortgagor before the foreclosure. This covenant did not relate to the title, but to the condition of the premises, which sold for enough in their then condition to pay all of the claims of the mortgagee against the land; and it necessarily followed that no cause of action on the covenant survived or passed by the sale, whether the purchaser was the mortgagee or a third party. In the second case the covenant in the mortgage was that all taxes on the premises should be paid prior to the day for the sale of land for taxes. After a foreclosure sale of the premises to the mortgagee for the full amount of his debt and cost, he brought an action to recover the amount of taxes on the land at the date of the sale, which were assessed after the execution of the mortgage, and it was held that he could not recover. The case is not in point, for the reason that taxes assessed after the making of a covenant against incumbrances are not a breach of it. Rawle, Cov. § 77. There is a statement in Jones, Mortg. § 68, which supports defendants' claim, but it rests solely on the case of Todd v. Johnson, supra. This last case is in point, and is, so far as we are advised, the only case to be found that supports defendants' contention. In the case referred to the covenant was one of warranty, contained in a mortgage which was foreclosed, and the mortgagee had judgment, and purchased the premises for the full amount of his debt; and it was held for this reason that he could not afterwards maintain an action upon the covenants of the warranty in the mortgage, unless the sale and satisfaction of the judgment were first set aside. The opinion in this case indicates that the conclusion reached was based largely upon the effect of the statute of Iowa as to the foreclosure of mortgages.

However this may be, we are unable on principle to see any difference as to the rights of a grantee of a covenantee to maintain an action for a breach of a covenant against incumbrances, whether he

obtained his title through a deed containing the covenant or through a mortgage with a like covenant. In each case the covenant attaches itself to the title for the protection of the covenantee or his assigns whom the incumbrance may eventually damnify. The fact that the premises bring enough at the foreclosure sale to pay the mortgage debt does not affect the question, because, if no redemption is made, the mortgage remains, with all of its covenants, as a muniment of title, to the same extent as if it was a deed. The purchaser at the foreclosure sale buys the title as warranted and guarded by the covenants in the mortgage. He buys, subject to the right of redemption, the title to the land as protected by the covenants in the mortgage. Lawton v. St. Paul P. L. Co., 56 Minn. 353, 57 N. W. 1061; Thomas, Mortg. § 27.

In those states where a mortgage conveys the fee, and can only be defeated by a performance of the conditions as to payment, and where there is no sale of the premises, but a strict foreclosure, it is clear that whoever becomes the owner of the land by virtue of his ownership and foreclosure of the mortgage is entitled to the benefit of the covenants therein which run with the land. The same conclusion as clearly follows in this state, where the mortgage is regarded as a lien to secure the debt, as in states where there is no sale of the premises, but a strict foreclosure. The mortgage and its covenants are the foundation of the title, which becomes absolute if the premises are not redeemed within the time limited. So, too, where, as in the case at bar, there is a sale of the premises by the judgment of the court, the benefit of the covenants passes to the purchaser at the sale for the protection of his title. This is the settled rule in cases of judicial and execution sales. Rawle, Cov. § 213, note; Rorer, Jud. Sales, § 969. In all of these suggested cases, as well as in the case where the foreclosure is by advertisement by virtue of a power of sale in the mortgage, the principle is the same. It is the mortgage which ultimately vests the title to the premises in the purchaser, and the benefit of all covenants that run with the land pass with the title to the purchaser.

Our conclusion is that the complaint states a cause of action, and that the order sustaining the demurrer must be reversed. So ordered.