SECURITY BANK OF MINNESOTA v. WILLIS J. HOLMES and Another.[1]

June 16, 1897.

Nos. 10,515—(122).

### Pleading—Redundancy.

Held, that certain parts of the answer were properly stricken out as irrelevant and redundant.

### Covenant in Mortgage—Action Thereon.

A covenant against incumbrances runs with the land, and, where a. mortgage contains such a covenant, an action upon it may be maintained by a purchaser at a foreclosure sale under the mortgage. Following. Security v. Holmes, 65 Minn. 531.

### Same—Liability of Married Woman.

A married woman is under no disability to join in the covenants in her husband's deed, and, if she does so, she is liable. Following Sandwich v. Zellmer, 48 Minn. 408.

### Same—Evidence.

Her covenant cannot be contradicted or varied by parol evidence that she joined in the deed merely for the purpose of barring her inchoate right as wife in the land conveyed.

Appeal by defendants from an order of the district court for St. Louis county, Moer, J., striking out certain portions of their answer. Affirmed.

Washburn, Lewis & Bailey, for appellants.
Cobb & Wheelwright, for respondent.

MITCHELL, J. This action was brought by the plaintiff, a purchaser at a foreclosure sale, upon a covenant against incumbrances. contained in the mortgage, to recover the amount which it had to. pay to discharge prior incumbrances on the mortgaged premises. After our decision on a former appeal, 65 Minn. 531, 68 N. W. 113, reversing an order sustaining a demurrer to the complaint, the defendants interposed an answer; and this appeal is from an order striking out certain portions of that answer, paragraphs 6, 8, 9, 15, 17, 20, and part of 19, as irrelevant and redundant.

1. Paragraphs 6 and 9 of the answer allege that, prior to the exe-

[1] Reported in 71 N. W. 699.

cution of the mortgage already referred to, the defendant Willis J. applied to the Clark Investment Company, the actual mortgagee, although the mortgage was taken in the name of their agent, Penny, for a loan of $6,500 upon these premises, for the purpose of erecting a building thereon; that at that time there was a mortgage on the premises for $2,500, being the one which plaintiff has paid, and for which it seeks to recover; that the Clark Investment Company made the loan, and as security therefor took the mortgage, the one containing the covenant sued on, it being expressly agreed and understood at the time between the parties that the premises were incumbered by this prior mortgage for $2,500, but the same, by agreement and understanding of the parties, was not excepted from the covenants in the $6,500 mortgage for the reason that the Clark Investment Company then and there agreed to make Holmes another loan on other property for the purpose of taking up this $2,500 mortgage, and inasmuch as under this arrangement, if carried out, the $6,500 mortgage would become a first lien on the premises, and as the Clark Investment Company might desire to sell and negotiate it, this prior mortgage was thus omitted and no mention made of it in the covenants of the $6,500 mortgage; that thereafter the Clark Investment Company became financially embarrassed, and was unable to make this additional loan, although the defendants were willing to accept the same, and ready and able to give mortgage security therefor according to agreement; that plaintiff had knowledge of all these facts when it purchased at the foreclosure sale. All that we deem it necessary to say regarding this part of the answer is that it neither states a defense to an action on the covenant, nor any ground for the reformation of the mortgage.

2. The substance of the allegations of paragraphs 8 and 17 is that with the money obtained on the $6,500 mortgage, and other moneys, the defendant Willis J. erected a brick block on the mortgaged premises, whereby they became and were at the date of the foreclosure sale worth $14,000; that at the time of that sale the plaintiff knew of the existence of the prior mortgage for $2,500, and the amount then due thereon, and all the facts already alleged, and the reasons why no mention of it was made in the $6,500 mort-

gage, or in the covenants thereof; that the amount bid by the plaintiff for the premises at such sale was bid

"with reference to said premises as then incumbered, including especially said $2,500 mortgage and interest, and so bid the same intending thereby to bid in said property at said sale subject to said incumbrances, and at a price which, subject to said incumbrances, the said plaintiff  *  *  *  was willing to acquire said property."

It should be stated that the sum bid by plaintiff at the foreclosure sale was $4,291.61. It is unnecessary to say that the fact that the premises were worth much more than the amount bid at the sale constitutes neither a satisfaction of, nor a defense to, the covenant against incumbrances. It will be observed that the answer does not allege that the premises were offered for sale, or that plaintiff purchased them, subject to the prior incumbrance. The allegations just quoted, fairly construed, refer only to plaintiff's mental operations in making the bid. Hence what plaintiff purchased at the foreclosure sale was the title to the premises, as warranted and protected by the covenants in the mortgage, which run with the land, and he can maintain an action on the covenant precisely as if he had been the grantee of a covenantee who had obtained his title under a deed containing a like covenant. American v. Waleen, 52 Minn. 23, 53 N. W. 867; Lawton v. St. Paul, 56 Minn. 353, 57 N. W. 1061; Security v. Holmes, 65 Minn. 531, 68 N. W. 113. This doctrine is, beyond question, logically sound. If there is any objection to it, it is the practical one that, on mortgage foreclosure sales, bids are usually in fact made with reference to known incumbrances, and without reference to the existence of covenants in the mortgage. But the doctrine is too well established to be now reconsidered, even if we were otherwise disposed to do so.

3. The nineteenth paragraph of the answer first sets up the terms of a deal between the defendants and the mortgagor subsequent to the foreclosure sale, by which they settled and adjusted a "deficiency judgment" for the balance of the $6,500 remaining due after the foreclosure. Then follows the part stricken out, and which alleges that by the terms of that settlement the mortgagor secured, and the defendants parted with, property of a value greatly in excess of

the balance due on that mortgage, and of the amount of the prior incumbrances. The mere statement of the facts shows that this was wholly irrelevant and immaterial.

4. The remaining paragraph stricken out alleges that the defendant Ida C. was the wife of the defendant Willis J.; that she had no interest in the mortgaged premises; that she joined in the mortgage solely because she was the wife of Willis J., and to estop herself from ever claiming any interest in the premises in case she survived her husband. That a married woman is under no disability to join in the covenants in her husband's deed, and, that, if she does, she is liable thereon, was decided in Sandwich v. Zellmer, 48 Minn. 408, 51 N. W. 379. No mistake is alleged as a ground for reforming the mortgage in that regard, and its terms cannot be varied or contradicted by parol evidence.

Order affirmed.