CATHERINE RANDALL v. CHARLES J. MACBETH and Another.[1]

November 15, 1900.

Nos. 12,307—(108).

**Covenant against Incumbrances—Consideration—Action by Purchaser from Grantee.**

In a deed of conveyance a covenant against incumbrances is personal as between the grantor and grantee, but when such deed contains a stated consideration, and the covenantee conveys the premises to one having no notice of the real consideration, such grantee may, upon paying off the incumbrance, maintain an action for the damages sustained against the covenantor, and such action is not subject to set-off or defense by the covenantor.

Action in the district court for Blue Earth county to recover damages for breach of a covenant against incumbrances. At the trial on plaintiff's application the action was dismissed as to defendant True. The court, Severance, J., found in favor of plaintiff and

[1] Reported in 84 N. W. 119.

against defendant Macbeth. From a judgment entered pursuant to the findings, defendant Macbeth appealed. Affirmed.

*Pfau & Pfau*, for appellant.

*W. A. Funk*, for respondent.

LEWIS, J.

On August 30, 1897, defendant Macbeth conveyed by warranty deed certain premises to defendant True. The deed contained a covennat against incumbrances. The expressed consideration was $1,000. On October 9, 1897, defendant True conveyed by warranty deed the same premises to plaintiff, and the deed contained a covenant against incumbrances. There was in fact an incumbrance, consisting of a mortgage. In September, 1898, plaintiff paid off the mortgage debt to save the premises from foreclosure, and brought this action to recover the amount she had paid, suing upon the covenants. Defendant Macbeth set up as a counterclaim that the real consideration of the deed from himself to True was the sale and delivery to him by True of sixteen horses, which were warranted to be sound, but were in fact defective, and that he was damaged thereby in the sum of $400. This contract of warranty was oral. The court found the facts as pleaded, but ordered judgment for plaintiff for the full amount claimed, disallowing the counterclaim. Defendant appeals.

In the case of Kimball v. Bryant, 25 Minn. 496, it was held that although a covenant of seisin was a personal covenant, and, if broken at all, the breach was complete at the date of its execution, yet a conveyance by the covenantee would be sufficient to pass the chose in action to his assignee. The decision is based upon the theory that the covenantor assumes to pass by his deed a title upon which the covenantee is invited to rely. This is an assurance that the title offered is good. The covenantee, when passing that title to another by the usual deed, passes with it, for the protection of his grantee, every assurance he has from the covenantor, which includes the right to sue for a breach of the covenant, to the extent of the injury. In Security Bank v. Holmes, 65 Minn. 531, 68 N. W. 113, this reasoning was applied to a covenant against incumbrances in the following language:

"The covenant, which is one of indemnity, in effect attaches itself to the title assumed to be conveyed by the deed, and accompanies it for the protection of the covenantee or any of his assigns who may finally be injured by the incumbrance."

The plaintiff, then, has the right to maintain this action against the original covenantor, and the question now before us is this: Is such right of action absolute, and not subject to set-off or counterclaim existing in favor of the covenantor against the covenantee, arising out of the failure of consideration in the original transfer? It must be admitted that as between the parties to the original deed the real consideration of the deed may be shown, and that, if the covenantee had sought to enforce his remedy for a breach of the covenant directly against the grantor, the alleged claim for damages could have been set up as a counterclaim. It is also clear, upon authority and principle, that as between the original parties the covenant was not a "covenant running with the land," as that term is generally understood. Between the original parties the covenant was personal. If broken at all, it was broken when made. Hence the remedy is indemnity by a personal action. The personal representatives succeeded to the right of. action, and not the heirs upon the death of the covenantee.

Such right of action by a covenantee is termed a "chose in action." It may be assigned, but when assigned it at once becomes more than the ordinary chose in action. It attaches to the title, for the benefit and protection of the assignee. When a grantor conveys property by deliberately placing a stated consideration in a deed, and declares that the title is free from incumbrance, he does so with the expectation that the premises may be conveyed again, and that his deed is to be one of the links in the chain of title. He knows that subsequent grantees may succeed to the benefit of the covenant, and the plainest principles of justice require that the covenantor be estopped from questioning the validity of the consideration as expressed. Subsequent purchasers without notice of the real consideration should be protected from the uncertainty which would follow if that question were opened. Such a rule would open the door to fraud, and render the covenant of little value as an assurance of title. It is the better rule to require the covenantor to state the true con-

sideration in his deed,—thus putting all persons who deal with the title upon notice,—if he would protect himself as against subsequent grantees. For these reasons, such a transfer cannot be treated as an ordinary chose in action, without prejudice to any set-off or other defense existing at the time, or before notice of the assignment.

Judgment affirmed.