LEVl M. STEWART v. FRANK M. PARCHER and Another.[1]

February 26, 1904.

Nos. 13,725—(200).

**Covenant to Pay Taxes.**

P., as the tenant of leased premises, covenanted with H., his landlord, among other things, to pay all taxes thereon. H. subsequently mortgaged the premises to S. P. failed to pay the taxes for two years, and thereupon S. paid the same, foreclosed his mortgage by advertisement, and, as therein agreed, included the amount paid in his notice of foreclosure. He purchased at the sale for the full sum due, including the amount paid for taxes. There was no redemption from the sale, but during the redemption period S. paid taxes which had fallen due after the sale. *Held*, that no action could be maintained by S. against P. to recover the sums so paid.

Action in the district court for Hennepin county to recover from defendant Frank M. Parcher, lessee of the premises described in the complaint under a written lease in which he had agreed to pay all taxes, the sum of $1,254.21, taxes thereon for the years 1896, 1897 and 1898 paid by plaintiff, as assignee of a mortgage executed by the lessor subsequently to the lease, and to establish and enforce a lien upon the premises for the amount so paid with interest. The taxes for 1896 and 1897 were paid by plaintiff before foreclosure and included in the foreclosure notice; the first half of the 1898 taxes were paid after the foreclosure sale and during the year of redemption; the second half amounting to $229.86 were paid after plaintiff had acquired title under his foreclosure. The case was tried before Harrison, J., who

[1] Reported in 98 N. W. 650.

made findings of fact, and as conclusion of law found that plaintiff was entitled to recover the sum of $318 only, being the amount of the second half of the 1898 taxes paid by plaintiff, with interest, for which sum plaintiff was entitled to a lien upon the premises. This amount being thereafter paid by defendant, the court filed a supplemental order discharging the premises from the lien and directing that plaintiff take nothing by the action. From a judgment entered pursuant to the findings and supplemental order, plaintiff appealed. Affirmed.

*Belden & Hawley,* for appellant.

*Hale & Montgomery,* for respondents.

COLLINS, J.

This appeal is from a judgment, and there is no controversy over the facts. In 1889 one Hayward, as the owner of the tract of land in question, executed and delivered a ground lease thereof to defendant Parcher, as his tenant, for the term of fifty years, commencing May 1 of that year. In addition to a stipulated rental, to be fixed every five years thereafter, Parcher was to pay all taxes which should be assessed against the property, and, in case he failed to so do, Hayward might pay the same and have a lien therefor on the leasehold interest and upon all buildings and fixtures placed on the ground by Parcher. After this lease was made, Hayward executed and delivered a mortgage on the premises to one David D. Stewart, with the usual covenants, including one for the payment of taxes by the mortgagor, and, if not paid, that the mortgagee might pay them and include the amount paid in a notice of foreclosure sale, should notice be given. Default having been made, the mortgage was foreclosed in 1898, under a power therein contained, by an assignee thereof, this plaintiff, and the premises were bid in by him at the sale for the principal and interest due on the note, and an additional amount which, according to the notice, the mortgagee had paid as taxes on the premises for the years 1896 and 1897. No redemption was made from this foreclosure, and the plaintiff became the owner of the premises by virtue thereof on August 15, 1899. On May 31 of that year he paid half of the taxes on the property for the year 1898, amounting to $229.87. Three months after he became the owner he paid the other half. February 23, 1899, during the redemption year, plaintiff and defendant tenant entered into a

memorandum of agreement, evidently in contemplation of plaintiff's becoming the owner through the foreclosure. This agreement seems to have been without any consideration, but in form it simply extended Parcher's right to cause a rental valuation to be put on the premises for the five-year period commencing February 28, 1899, until after the expiration of the time of redemption.

The present action was brought to recover the amounts so paid by plaintiff on account of taxes, namely, that paid and included in the notice of foreclosure sale, and also included in the amount for which the premises were sold, and also the amount paid by plaintiff May 31, 1899, after the foreclosure but prior to the expiration of the period of redemption, and also the amount paid after plaintiff became the owner, and, further, to have this gross amount declared a prior and paramount lien upon all the right, title, and interest held by defendant Parcher in the tract of land in question and in the buildings. The court below ordered judgment in favor of the plaintiff for the amount paid by him after he became the owner of the premises, and adjudged the same a lien upon Parcher's interest. It held that plaintiff was not entitled to recover the amount paid as taxes for 1896 and 1897, and included in the amount for which the premises sold, nor for the amount—half of the 1898 taxes—paid by him pending the expiration of the period of redemption. The trial court ruled correctly.

1. There were no contractual relations existing between plaintiff and defendant prior to the expiration of the period of redemption, except such as might have been created by the agreement of February 23, 1899, before referred to, over which no question exists. As to the taxes for the years 1896 and 1897, this amount was included by plaintiff in its notice of foreclosure sale and in the amount for which the premises were sold to him. This was in pursuance of the covenant in the mortgage to the effect that the mortgagee might pay past-due taxes and make the amount part of his lien. The plaintiff, as mortgagee, has collected the amount paid by him out of the mortgaged property, and has exhausted his remedy. In this way he has been fully reimbursed. The covenant in the lease has not been discharged by this sale, and still remains enforceable in favor of Hayward, who is the only sufferer, for we must presume that the property was worth the amount paid therefor.

Counsel calls attention to Security Bank v. Holmes, 65 Minn. 531, 68 N. W. 113. That action was brought upon a covenant against prior incumbrances, which always runs with the land. The mortgagee became the owner of the premises by foreclosure, was compelled to discharge a prior incumbrance, and had the right to sue the mortgagor upon his mortgage covenant. The rule there laid down seems elementary, but has no application here.

2. The payment of taxes after the foreclosure and before the expiration of the period of redemption was voluntary, and prior to the passage of Laws 1897, p. 356, (c. 193) the mortgagee had no remedy whatever in such a case. A glance at the provisions of that chapter will show that it does not affect this action in the slightest, and that this plaintiff has no rights under it. And he has no rights under the lease, for, as a matter of law, the covenant in that instrument to pay taxes was still in force in favor of Hayward when this amount was paid, and under it he had and has a personal claim against Parcher. The fact that the latter had failed to pay taxes for 1898 increased the incumbrance upon the land, and rendered it less probable that Hayward could or would redeem from the foreclosure. It actually became his debt, and was his loss.

Counsel for plaintiff attempts to apply the doctrine of subrogation as to this particular payment. It is true that this doctrine is not founded upon contract, but is the creation of equity, and is administered upon equitable principles, and is a mode which equity adopts to compel the payment of a debt by one who in justice and good conduct ought to pay it. But the question here is not as to whether the amount should be paid, but, rather, to whom it should be paid—to plaintiff or to Hayward. The latter had and has a clear right of action against Parcher upon the covenant in the lease which has been broken. Parcher's default increased the indebtedness against the land, and consequently Hayward was injured to the amount of this increase. Plaintiff did not succeed to any of Hayward's rights under the lease until he became the owner in fee at the expiration of the redemption period, and it was upon this theory that the trial court permitted a recovery of the amount paid after the redemption period had expired.

Judgment affirmed.