WILLIAM H. ALLIS and Others v. THOMAS R. FOLEY and Another.[1]

June 5, 1914.

Nos. 18,633—(113).

**Covenant running with the land — action for breach.**

1. The right to sue for breach of covenants which run with the land rests exclusively in the last convenantee, and an intermediate covenantor

[1] Reported in 147 N. W. 670.

has no right of action thereon until he has indemnified such subsequent covenantee.

**Right of purchaser at foreclosure sale.**

2. Although the legal title does not vest in the purchaser at a mortgage foreclosure sale until the expiration of the period for redemption, yet, when it so vests, it relates back and takes effect as of the date of the mortgage; and, after it so vests, the rights of the purchaser against prior covenantors are the same as if the premises had been conveyed to him, at the date of the mortgage, by deed containing the same covenants contained in the mortgage.

**Right of purchaser at foreclosure sale.**

3. Where the grantee in a deed of warranty executed a first mortgage with full covenants to one party and a second mortgage to another, and thereafter conveyed the premises to a third, subject to both mortgages, and the first mortgage was subsequently foreclosed, a cause of action against the original covenantor for breach of his covenant of warranty, accruing after the execution of the first mortgage, passed to the purchaser at the foreclosure sale, and, at the expiration of the period for redemption, became vested and absolute in him, or in his assignee, and subsequent grantees of the mortgagor no longer had any interest therein.

**Dismissal of action.**

4. Where both such subsequent grantees of the mortgagor and the assignee of the purchaser at the foreclosure sale were plaintiffs in an action against the original covenantor for breach of his covenant of warranty, it was not error to dismiss the action as to all the plaintiffs except such assignee.

Action in the district court for Aitkin county to recover $15,000. The facts are stated in the opinion. The case was tried before McClenahan, J., who granted defendant's motion to dismiss the action as to all of the plaintiffs except J. C. Knapp. From the order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Charles C. Teare* and *Warner E. Whipple,* for appellants.

*Mantor & Ebner,* for respondents.

TAYLOR, C.

This is an action to recover damages for breach of a covenant of warranty contained in a deed executed by defendants to Howard Babcock, on March 17, 1909, for certain real estate situate in the

village of Aitkin. It will sufficiently indicate the basis of the claims of the various parties to say that, on March 31, 1909, Babcock executed a warranty deed for the property to Jess F. Hinck; that, on the same date, March 31, 1909, Hinck executed a first mortgage thereon, containing full covenants, to the First Savings & Trust Co. of Sisseton, South Dakota, to secure the payment of $8,000.00; that, on the same date, Hinck executed a second mortgage thereon, containing full covenants, except as against said first mortgage to the First National Bank of Sisseton, South Dakota, to secure the payment of $5,500; that, on June 21, 1909, Hinck executed a warranty deed for the property, subject to the two mortgages, to William H. Allis; that, on October 6, 1909, Allis executed a deed therefor to I. W. Keerl as security, which deed was in fact, and was subsequently adjudged to be, a mortgage; that defendants never had title to one parcel of said real estate, and Allis, then in possession thereof, was duly evicted therefrom on September 3, 1910, under and by virtue of a title adverse and paramount to that conveyed by defendants; that the above-mentioned first mortgage was duly foreclosed, and, on August 10, 1912, the real estate therein described was duly sold thereunder to the mortgagee, the First Savings & Trust Co., for the full amount of the mortgage, and the usual certificate of sale was issued to the company pursuant thereto; that on September 9, 1912, the First Savings & Trust Co. duly assigned said certificate of sale to J. C. Knapp; and that no redemption has ever been made from such foreclosure sale.

On November 29, 1912, plaintiff Allis brought this action, upon the covenant of warranty in the deed executed by defendants, to recover the damages arising from the failure of title and the eviction referred to above. Defendants made an application to bring in, as parties plaintiff, all other parties interested in the property, and, by stipulation between all the parties, I. W. Keerl, the First National Bank of Sisseton and J. C. Knapp, were made additional parties plaintiff. It was provided in the stipulation that the joining of the additional parties as plaintiffs should be without prejudice to their respective rights as between themselves, but that any recovery against the defendants might be awarded to them collectively,

and that their respective claims thereto should be determined between themselves thereafter.

The time to redeem from the foreclosure sale expired before the trial. Defendants were permitted to allege that fact by supplemental or amended answer, and it was admitted that all rights under the foreclosure had passed to and were vested in plaintiff Knapp. Thereupon defendants moved to dismiss the action as to all the plaintiffs except Knapp, on the ground that no cause of action then existed in favor of any of the plaintiffs except him. This motion was granted. Thereafter plaintiffs Allis, Keerl and the First National Bank, made a motion for a new trial. Their motion was denied and they appealed from the order denying it.

The period for redemption having expired and no redemption having been made, the important question is whether the cause of action upon the covenant in defendants' deed vested in the purchaser at the sale, without any cause of action thereon remaining in the plaintiffs.

In Hokanson v. Gunderson, 54 Minn. 499, 56 N. W. 172, the court in speaking of the interest acquired by the purchaser at a mortgage foreclosure sale say: "The purchaser succeeds to the equitable interest of the mortgagee, and when no redemption is made this interest draws to it the subordinate legal title of the mortgagor, and his title then stands under the mortgagee precisely as if the mortgage had been an absolute conveyance at its date; or, in other words, the mortgage ripens into a perfect title through the process of foreclosure." In Lawton v. St. Paul Permanent Loan Co. 56 Minn. 353, 57 N. W. 1061, the court say: "It can make no difference whether the purchaser at the mortgage sale was the mortgagee or a stranger. Both must be bidders on the same basis. Had a stranger been the purchaser, he would clearly have bid on the basis of the value of the land, as warranted by the covenants of title in the mortgage. * * * After the mortgage sale, the defendant was no longer a creditor, but a purchaser, of the premises; the consideration which he paid representing the value of the land, as warranted by the covenants." In American Building & Loan Assn. v.

Waleen, 52 Minn. 23, 53 N. W. 867, after discussing the rights of a purchaser under a mortgage containing no covenants, the court say: "Where the mortgage contains covenants of title which run with the land, different considerations apply. In that case the purchaser buys the covenants, and the consideration which he pays represents the value of the land as warranted by the covenants." In Security Bank of Minnesota v. Holmes, 65 Minn. 531, 68 N. W. 113, 60 Am. St. 495, the court say: "We are unable on principle to see any difference as to the rights of a grantee of a covenantee to maintain an action for a breach of a covenant against incumbrances, whether he obtained his title through a deed containing the covenant or through a mortgage with a like covenant. In each case the covenant attaches itself to the title for the protection of the covantee or his assigns whom the incumbrance may eventually damnify. The fact that the premises bring enough at the foreclosure sale to pay the mortgage debt does not affect the question, because, if no redemption is made, the mortgage remains, with all of its covenants, as a muniment of title, to the same extent as if it was a deed. The purchaser at the foreclosure sale buys the title as warranted and guarded by the covenants in the mortgage. He buys, subject to the right of redemption, the title to the land as protected by the covenants in the mortgage. * * * It is the mortgage which ultimately vests the title to the premises in the purchaser, and the benefit of all covenants that run with the land pass with the title to the purchaser." The case from which the above excerpts are taken came before the court a second time and the second decision is reported in 68 Minn. 538, 71 N. W. 699. The court say: "It is unnecessary to say that the fact that the premises were worth much more than the amount bid at the sale constitutes neither a satisfaction of, nor a defense to, the covenant against incumbrances. * * * What plaintiff purchased at the foreclosure sale was the title to the premises, as warranted and protected by the covenants in the mortgage, which run with the land, and he can maintain an action on the covenant precisely as if he had been the grantee of a covenantee who had obtained his title under a deed

containing a like covenant. American v. Waleen, 52 Minn. 23, 53 N. W. 867; Lawton v. St. Paul, 56 Minn. 353, 57 N. W. 1061; Security Bank of Minnesota v. Holmes, 65 Minn. 531, 68 N. W. 113. This doctrine is, beyond question, logically sound. If there is any objection to it, it is the practical one that, on mortgage foreclosure sales, bids are usually in fact made with reference to known incumbrances, and without reference to the existence of covenants in the mortgage. But the doctrine is too well established to be now reconsidered, even if we were otherwise disposed to do so."

It is clear that the cause of action upon the covenants in the deed executed by defendants passed to Knapp as assignee of the purchaser at the foreclosure sale, and vested and became absolute in him at the expiration of the period for redemption. The mortgage held by the bank was second and subordinate to that under which the sale was made. The conveyance to Allis was subject to both mortgages, and his rights were subordinate to all rights accruing under either. Keerl held under Allis and has no greater rights, as against the prior mortgages, than Allis possessed. The rights of Knapp, as assignee of the purchaser at the foreclosure sale under the first mortgage, were superior and paramount to all rights held by any of the other plaintiffs. True, Allis was in possession at the time the eviction occurred and was the person evicted. But the cause of action against defendants upon their covenants was a part of the security included in the first mortgage, and the right thereto, acquired by the purchaser at the sale under that mortgage, related back and took effect as of the date of that mortgage. It is well settled that the right to sue for breach of covenants which run with the land rests exclusively in the last covenantee, and that an intermediate covenantor possesses no right of action thereon until he has reimbursed such subsequent covenantee. Booth v. Starr, 1 Conn. 244, 6 Am. Dec. 233; Chase v. Weston, 12 N. H. 413; Smith v. Perry, 26 Vt. 279; Baxter v. Ryerss, 13 Barb. (N. Y.) 267; Claycomb v. Munger, 51 Ill. 373; Vancourt v. Moore, 26 Mo. 92; Redwine v. Brown, 10 Ga. 312; Brady v. Spurck, 27 Ill. 478; Suydam v. Jones, 10 Wend. (N. Y.) 181, 25 Am. Dec. 552. A redemption

from the sale in the manner and within the time prescribed by statute would have divested Knapp of all interest in the property; but, when the period for redemption expired without any redemption being made, his rights became precisely the same as if Hinck had conveyed the premises to him by warranty deed executed at the time the mortgage was executed. At the present time the chain of covenants stand,—defendants to Babcock, Babcock to Hinck, and Hinck to Knapp. The eviction occurred after the execution by Hinck of the mortgage by virtue of which the covenant passed to Knapp, and, so far as the rights involved in this case are concerned, during the time in which Knapp was the last covenantee. The last covenantee may bring suit against any or all prior covenantors, and, if an intermediate covenantor has brought suit and recovered without reimbursing him, it is no bar thereto. Booth v. Starr, 1 Conn. 244, 6 Am. Dec. 233; Chase v. Weston, 12 N. H. 413; Vancourt v. Moore, 26 Mo. 92; Brady v. Spurck, 27 Ill. 477; Claycomb v. Munger, 51 Ill. 373. The situation is somewhat similar to that of principal and surety with the primary liability resting upon the first covenantor. The position of the intermediate covenantors is analogous to that of sureties, each being liable to the last covenantee, or to any other covenantee subsequent to himself who has reimbursed such last covenantee, and each in turn having a right of indemnity over against those prior in time. Smith v. Parry, 26 Vt. 279.

Knapp is proceeding directly against defendants as the first covenantors and the parties primarily liable, and has not asserted any claim against any of the intermediate parties. As none of the intermediate covenantors have indemnified him, none of them are in position to maintain an action against defendants. Furthermore, the bank, Allis, and Keerl are not in Knapp's chain of title, and he has no recourse against them. If they had actually recovered from defendants upon the covenant, he might, perhaps, maintain an action against them in the nature of an action for money had and received, but that question is not involved or determined herein. They hold under Hinck and their rights are no greater than his would have been if he had not conveyed to them. When the sale became abso-

lute by expiration of the period of redemption all such rights were extinguished.

Appellants call attention to the fact that, where different parcels of property are conveyed to different parties and the title fails, the several parties may recover upon the covenant *pro tanto,* and urge, in effect, that, where different parties possess diverse interests under the title at the time of the eviction, all are entitled to share in the proceeds of the recovery. The position occupied by the purchaser at the sale during the period allowed for redemption is somewhat anomalous under our statutes. The legal title does not vest in him at the sale but remains in the mortgagor or his grantees. Yet, if no redemption be made, the legal title passes to and vests in the purchaser at the expiration of the period allowed therefor, and, when the title becomes absolute in him, it relates back and takes effect as of the date of the mortgage under which the sale was made. Appellants' argument ignores the fact that the rights of the purchaser date back to the execution of the mortgage and are paramount and superior to those possessed by appellants, and that, when the title vested in him at the expiration of the statutory period for redemption, he took the entire right of action upon the covenant and the appellants no longer had any interest of any kind therein.

Order affirmed.