AMERICAN BUILDING & LOAN ASSOCIATION *vs.* ANDREW J. WALEEN
*et al.*

Argued Dèc. 2, 1892.   Decided Dec. 23, 1892.

**A Bond Construed.**

A certain bond construed, and *held* to be merely a contract of indemnity.

**Mortgagee Sustained no Damage where the Debt was Paid by Foreclosure Sale.**

A mortgagor executed to the mortgagee a bond of indemnity against liens paramount to the mortgage. On foreclosure of the mortgage, the mortgagee bid in the premises for the full amount of the mortgage debt, and subsequently paid off certain paramount liens. *Held,* that he had no right of action on the bond, because he had sustained no damage, the mortgage debt having been fully satisfied by his bid, which must be deemed to have been for the premises, with the title as it stood with these incumbrances on it.

Dickinson, J., dissenting.

| 52 | 23 |
| 53 | 213 |
| 52 | 23 |
| 56 | 357 |
| 52 | 23. |
| 58 | 349 |
| 52 | 23 |
| 59 | 232 |
| 52 | 23 |
| 67 | 163 |
| 52 | 23 |
| 68 | 540 |
| 52 | 23 |
| 76 | 162 |

Appeal by plaintiff, the American Building and Loan Association, from an order of the District Court of Hennepin County, *Hooker*, J., made June 18, 1892, overruling its demurrer to the answer.

Action upon a bond made by defendants, Andrew J. Waleen, Halvor Fergestad and A. Risberg for $4,500, conditioned as stated in the opinion. The answer stated that plaintiff had foreclosed the mortgage, and at the sale had bid in the property for the full amount of the debt secured, with interest and costs, and had sustained no damage on account of the mechanic's lien on the mortgaged premises. To this answer plaintiff demurred. The trial court overruled the demurrer and plaintiff appeals.

*Charles M. Cooley* and *Rea & Hubachek*, for appellant.

This bond against liens is not a mere indemnity bond. It contains a covenant to pay all claims for material furnished and labor performed in the construction of the building erected upon the mortgaged premises. The complaint alleges a breach of this covenant, and the answer admits it. Defendant's plea is simply *non damnificatus*, which is not a proper or sufficient plea to the cause of action set forth in plaintiff's complaint. *Thomas* v. *Allen*, 1 Hill, 145; *In re Negus*, 7 Wend. 499; *Churchill* v. *Hunt*, 3 Denio, 321; *Wheelock* v. *Rice*, 1 Douglass, 267; *Dye* v. *Mann*, 10 Mich. 291; *Belloni* v. *Freeborn*, 63 N. Y. 383; *Wilson* v. *Stilwell*, 9 Ohio St. 468; *Butler* v. *Ladue*, 12 Mich. 173; *Rector, etc., of Trinity Ch.* v. *Higgins*, 48 N. Y. 532; *Stout* v. *Folger*, 34 Iowa, 71; *Lathrop* v. *Atwood*, 21 Conn. 117; *Wright* v. *Whiting*, 40 Barb. 235; *Gennings* v. *Norton*, 35 Me. 309; *Coombs* v. *Jenkins*, 16 Gray, 153; *Shattuck* v. *Adams*, 136 Mass. 34; *Locke* v. *Homer*, 131 Mass. 93; *Port* v. *Jackson*, 17 John. 239; *Gilbert* v. *Wiman*, 1 N. Y. 550; *Redfield* v. *Haight*, 27 Conn. 31; *Gage* v. *Lewis*, 68 Ill. 604; *Campbell* v. *Rotering*, 42 Minn. 115; *Waynick* v. *Richmond*, 11 Kan. 488.

*Peterson & Kolliner*, for respondents.

When the property sold at the mortgage foreclosure sale for the full amount of the mortgage debt and costs of foreclosure, the mortgage was paid in full, and the debt wiped out. This is also true

where the mortgagee becomes the buyer at the foreclosure sale. *Berthold* v. *Holman*, 12 Minn. 335, (Gil. 221;) *Tinkcom* v. *Lewis*, 21 Minn. 132.

The bond on which this action is brought is an ordinary bond of indemnity to save harmless. This is shown by the condition of the bond, which is as follows: "The above-bounden Andrew J. Waleen has agreed to pay all and every claim either for labor performed, or material furnished as aforesaid and to save said association forever harmless." *Weller* v. *Eames*, 15 Minn. 461, (Gil. 376;) *Aberdeen* v. *Blackmar*, 6 Hill, 324; *Thompson* v. *Taylor*, 30 Wis. 68; *Douglas* v. *Clark*, 14 John. 177; *Carson Opera House Ass'n* v. *Miller*, 16 Nev. 327; 10 Amer. & Eng. Ency. of Law, 413, and note.

MITCHELL, J. At first sight the question raised by this appeal might seem somewhat perplexing, but, upon applying to the facts familiar principles of law, its solution is not difficult.

The facts, as alleged or admitted in the answer to which the demurrer was interposed, are, so far as here material, substantially as follows: The plaintiff, having agreed to make a loan to Waleen, to be secured by mortgage on real estate, exacted from him, as a condition of making the loan, a bond executed by himself and two sureties, the recitals and condition of which were that whereas, Waleen had applied for a loan to be secured by mortgage on certain real estate; and whereas, certain buildings had been recently erected on the premises, and the same were liable to liens for labor and material, performed or to be performed, furnished or to be furnished, for the construction of such buildings; and whereas, Waleen had agreed to fully complete said buildings, and pay all claims for such labor and material performed or furnished as aforesaid, and save the plaintiff forever harmless by reason of the enforcement of any such liens: * * * "Now, therefore, if said Waleen shall pay, or cause to be paid, all claims or liens as aforesaid, and shall do and perform all other acts and things necessary or required to be done and performed as hereinbefore more particularly recited and set forth, then this obligation shall be void, etc." Subsequently one Satherli filed a claim for a lien on the premises for material furnished to Waleen for the

construction of the buildings, and, in an action wherein Satherli was plaintiff and Waleen and the present plaintiff were defendants, this claim was adjudged a lien on the premises superior to the lien of plaintiff's mortgage. Intervening between the date of filing the claim of lien and the date of the judgment in the action referred to, plaintiff, on default being made in the conditions of the mortgage, foreclosed under a power of sale and bid in the premises for the full amount due on the mortgage, and then, to protect its title under this purchase, paid off the Satherli claim, and now brings this suit on the bond to recover the amount thus paid out. The contention of the defendants is that the bond was merely one of indemnity; that the sale of the mortgaged premises fully paid and satisfied the debt; and therefore plaintiff, having thus received all it was entitled to, has not been damnified, and consequently has no cause of action on the bond.

The first question to be considered is what the contract of the bond was,—whether it was merely one of indemnity to protect the mortgage security against liens which would diminish its value or an affirmative and absolute contract to pay all claims for labor and material performed or furnished for the construction of the buildings.

If it was the former, then damage must be shown before the party indemnified is entitled to recover; if it is the latter, then the mere failure to pay these claims would constitute a breach of the condition of the bond, and it would be no defense to say that the plaintiff had not been thereby damaged.

Some of the earlier cases, without, perhaps, giving due weight to the manifest purpose of the bond as indicated by its provisions as a whole, and the relations of the parties to its subject-matter, were inclined to lay hold of the language of a particular clause, and, because it was in the form of a stipulation to do a particular act or pay a certain sum, to hold that the bond was not one of mere indemnity, but an affirmative contract to do the specified act or to pay the specified sum. But the tendency of the more modern authorities is to adopt as the cardinal principle to be applied in the construction of such bonds that actual compensation can only be given for loss actually sustained, unless it is evident that the parties have stipulated for some other and more extensive remuneration; and to give more

weight to the general purpose of the bond as indicated by its provisions as a whole, and the interests of the parties in the subject-matter, than to the precise form of words used in a particular clause.

In the present case the plaintiff had no interest in the premises except as security for its loan. It did not interest it what liens might be created against them, except so far as this might decrease or injuriously affect the mortgage security. The claims for labor and material were not debts for which the plaintiff was liable, and it had no interest in their payment except to prevent their becoming liens on the premises paramount to that of the mortgage. Under these circumstances, it can hardly be supposed that the bond was intended as an absolute affirmative contract to pay all such claims, or that it was intended that plaintiff should be entitled to recover the amount of them in a suit on the bond merely because Waleen had failed to pay them. In view of these considerations, we think the good sense and sound construction of the bond is that it is merely one of indemnity. We think that, in nearly every well-considered case, where similar language in a bond has been construed as being, not a mere contract of indemnity, but an affirmative contract to pay a certain claim, it will be found that the claim was the debt of the obligee of the bond, and for which he remained liable to some third party,—a class of cases clearly distinguishable from the present.

The bond in suit, then, being one of indemnity merely, it follows that plaintiff has no cause of action, unless it has been damnified. We think that, upon the facts, it has not. If its mortgage had been paid in full in cash, it would not be claimed that plaintiff had sustained any damage. But it is undoubtedly the law that a sale of the mortgaged property pays and extinguishes the mortgage debt to the amount of the purchase money, whether the premises are sold to a third party or bid in by the mortgagee. It is also the law that a purchaser at a foreclosure sale is bound, as well as presumed, to know the condition of the title which he purchases; and if the mortgage contains no covenants of title, and the title proves defective, he has no claim upon the mortgagor to make it good. What he buys in such a case is just what title the mortgagor had at the time of the execution of the mortgage,—nothing more and nothing less,—and the amount of

his bid is presumed to be determined with reference to that fact. He takes the risk of the mortgagor's having any title that passed by the mortgage. Where the mortgage contains covenants of title which run with the land, different considerations apply. In that case the purchaser buys the covenants, and the consideration which he. pays represents the value of the land as warranted by the covenants.

Applying these principles to the present case, the result seems to us inevitable. What was offered for sale on the foreclosure, and what plaintiff bought, was just such title as the mortgagor had, and it was for that title, whatever it was, that plaintiff bid the full amount of the mortgage debt; and therefore it has received full satisfaction of its claim, just as much as if paid in cash. At first it might seem that the case is analogous to one where a party purchased in reliance on real covenants in the mortgage, and that the plaintiff's bid might be held to have been made on the basis of the value of the land with the title indemnified against paramount liens by this bond. But the cases are not at all parallel. The covenants of title run with the land, and pass to the purchaser. Not so with this bond. If this land had been bid in by a third party, he would have no right of action on the bond. What he would have paid his money for would have been the land with this prior lien upon it and, in the absence of covenants in the mortgage, he would have had recourse on no one to recover the amount paid to remove the lien. Neither would the plaintiff in such case have had any right of action on the bond, because it would have received full payment of its mortgage, and hence have sustained no damage. It cannot be that the right of action on the bond depends on who is the purchaser at the foreclosure sale. If so, then the mortgagee and third parties would bid at the sale on an entirely different basis,—the former with reference to the bond, and the latter independently of it. Suppose, for example, the amount of the mortgage is $2,000, and of the prior liens $1,000, and the property worth $3,000, and that an outside party is willing to give that sum for it. He could only bid $2,000, for he would have to pay off the $1,000 prior liens in order to get a clear title. But, if the mortgagee may bid with reference to the bond of indemnity, he might get the property by bid-

ding $2,100, and then, after paying off the prior liens, recover back the amount in an action on the bond; and thus, if there was no redemption, obtain for $2,100 the mortgagor's property worth $3,000, and for which the other bidder was willing to pay that amount. This illustration, we think, demonstrates the fallacy of plaintiff's position. We have not overlooked some possible embarrassments that may result to mortgagees who have taken bonds of indemnity against mechanic's liens, but, to say nothing of the practical difficulties as well as injustice that would result from a different conclusion, we are unable to get away from what seems to us the inexorable logic of the legal principles applicable to the facts. If the paramount liens consisted of judgments or prior mortgages, the existence as well as the amount of which were fixed by judicial determination, or by the contract of the parties, the case might seem plainer, but the principle is the same.

As the ground upon which we place the decision is probably decisive of the case, it is unnecessary to consider the sufficiency of the complaint.

Order affirmed.

DICKINSON, J., (*dissenting.*) I am not prepared to concur in the foregoing opinion. I agree that the bond was one of indemnity; but dissent from the proposition that, because the mortgagee bid in the premises for the full amount of its debt, it is to be considered that no injury has been suffered from the prior incumbrance which the mortgagee has been compelled to pay for its own protection. It is true that in thus purchasing the mortgagee necessarily took the interest thereby acquired subject to the prior lien. The mortgage could not have been foreclosed and the property sold except with that condition. But I do not consider that by thus purchasing, although it was for the amount of the debt, the mortgagee is to be regarded as having relinquished or lost the benefit of the undertaking of indemnity. I would rather say that it purchased the property still retaining, relying upon, and entitled to the benefit of the bond which obligated the defendants to protect the mortgagee against incumbrances which might or might not be enforced against the property. Let us.

suppose that in a jurisdiction where covenants against incumbrances are held to be covenants only *in præsenti*, and not running with the land,—as has been the more common rule as to such covenants,—a mortgage has been given containing such a covenant, and that it was broken by the existence of a prior incumbrance. While the land is thus burdened, the mortgagee forecloses his mortgage, and bids in the property for the amount of his debt. If after that he is compelled to pay off the prior incumbrance to protect his interest or estate, has he not then a right of action on the covenant for the recovery of the amount so paid? But in the case supposed,—the covenant not running with the land,—the right of action could not rest upon the ground that by the purchase the covenant had passed with the estate, thus inuring to the benefit of the purchaser. If a stranger to the covenant had purchased, he would have had no such right of action. Is not the case simply this: that the mortgagee is entitled to and does purchase relying upon his covenant as a protection against the incumbrance?

This case is not really different from that just supposed. The mortgagor and his sureties undertook to save the mortgagee harmless by reason of the enforcement of any liens such as that upon which the premises were sold subsequent to the foreclosure, and which the mortgagee has been compelled to pay off. The mortgagee was entitled to the full benefit, not only of the mortgage security, but of the indemnity as well. It might purchase at the foreclosure sale relying upon the express obligation of the defendants for protection against the enforcement of mechanics' liens. I see no reason against this view in the fact suggested, that the mortgagee and any stranger desiring to purchase do not bid on equal terms. In legal contemplation, no one is prejudiced by that fact. The advantage of the undertaking of indemnity, which the mortgagee enjoys, was conferred by the mortgagor, and he has no reason to complain that the mortgagee avails himself of it. Strangers who might desire to purchase have no right to be placed in the same advantageous position, or to complain that the mortgagee thus enjoys the benefit of his contract.

(Opinion published 53 N. W. Rep. 867.)