AMERICAN BUILDING & LOAN ASSOCIATION *vs.* ORVILLE A. STONEMAN *et al.*

Argued April 24, 1893. Decided May 9, 1893.

**A Judgment as Evidence.**

Rule applied that, as against strangers to it, a judgment is evidence only of its own existence, and not of any of the facts upon which its recovery was based.

**No Damages upon the Facts Pleaded.**

*American B. & L. Ass'n v. Waleen,* 52 Minn. 23, followed, to the effect that if a mortgagee, holding a bond of mere indemnity against paramount liens, has foreclosed, and bid in the mortgaged premises for the full amount of his debt, he has no cause of action on the bond.

Appeal by defendant, A. B. Latham, from an order of the District Court of Hennepin County, *Wm. Lochren,* J., sustaining a demurrer to his answer. He and Orville A. Stoneman executed a bond to the plaintiff, the American Building & Loan Association, similar to those described in *Pioneer Savings & L. Co.* v. *Bartsch,* 51 Minn. 474, and *American B. & L. Ass'n* v. *Waleen,* 52 Minn. 23.

Judgment ʋ as obtained upon mechanics' liens as in the first of these cases, and the plaintiff had foreclosed its mortgage and bid in the property for the full amount due, as in the second.

*I. A. Barnes* and *Savage & Purdy,* for appellant.

*C. M. Cooley* and *Rea & Hubachek,* for respondent.

MITCHELL, J. This was an action upon a bond in all respects substantially the same as those recently considered by this court in *Pioneer Savings & L. Co.* v. *Bartsch,* 51 Minn. 474, (53 N. W. Rep. 764,) and in *American B. & L. Ass'n* v. *Waleen,* 52 Minn. 23, (53 N. W. Rep. 867.) This appeal is from an order sustaining a demurrer to the answer of defendant Latham, who was one of the sureties on the bond. Under the familiar rule that a demurrer reaches back to the first defective pleading, this demurrer should have been overruled, for the reason that the complaint does not state a cause of action. It has been decided, in the cases already cited, that a bond like this is merely one of indemnity against paramount mechanics' liens. It was therefore incumbent on the plaintiff to allege facts showing that there were such liens, and that it was damnified thereby. All that the complaint alleges in that respect is that certain parties filed statements of account, in which they claimed such liens on the premises; that subsequently one of them brought an action to enforce his lien, to which the other lien claimants, the mortgagor, and this plaintiff, the mortgagee, were made or became parties defendants, and in which judgment was duly rendered adjudging that such claimants had liens on the premises superior to the lien of plaintiff's mortgage. But Latham was no party to that action, and there is no allegation that any notice was given him of its pendency, or that plaintiff ever called on him to assume its defense. The judgment was therefore, as to defendant, *res inter alios acta,* and evidence only of the fact of its recovery, and not of the facts which it assumes to decide.

2. The demurrer should have been overruled for another reason. The answer contained several separate defenses. It is a rule of pleading that if a general demurrer is interposed to the whole of a complaint or answer containing several causes of action or defenses, on the ground that it does not state a cause of action or

defense, the demurrer must be overruled as not well taken, if any one of the counts is good. The answer in this case contained at least one good defense. It is alleged that, intervening the filing of the lien claims and the rendition of judgment in the action for their enforcement, the plaintiff foreclosed his mortgage, and bid in the premises for more than the full amount of the debt secured thereby. Under the doctrine of *American B. & L. Ass'n v. Waleen, supra,* this satisfied plaintiff's claim in full, and hence he has not been damaged, and consequently has no cause of action on the bond. As this question has been so recently passed on in the case referred to, it is unnecessary to discuss it again. It is unnecessary to consider the sufficiency of any of the other defenses interposed.

Order reversed.

DICKINSON, J. I concur in the result on the first ground stated in the opinion.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. 1115.)