JOSEPH C. WOOD v. PACIFIC SURETY COMPANY OF CALIFORNIA.[1]

January 19, 1912.

Nos. 17,326—(152).

**Mortgagor's bond to pay mechanics' liens valid after foreclosure.**
    A mortgagor executed to the mortgagee a bond conditioned that the principal and surety would pay all claims for labor and materials in the con-

[1] Reported in 134 N. W. 127.

struction of a building on the mortgaged premises, keep the premises free from mechanics' liens, and pay all losses and damages resulting from a failure to do so. The mortgage was foreclosed; the mortgagee bidding in the premises for the full amount of the mortgage debt. The property was not kept free from mechanics' liens, and was thereafter sold to satisfy such liens, which were paramount to the mortgage; the mortgagee thereby losing the premises. *Held* that, notwithstanding that the mortgage debt was satisfied by the sale, the security of the bond was not extinguished thereby, and the mortgagee sustained damage by the breach of its conditions.

Action in the district court for Ramsey county to recover $5,500, the full penalty of a bond given plaintiff to protect him against mechanics' liens. The Pacific Surety Company of California, one of the defendants, demurred. From an order, Brill, J., overruling the demurrer to the complaint, it appealed. Affirmed.

*James D. Denegre* and *Thomas McDermott,* for appellant.
*O'Brien, Young & Stone,* for respondent.

Bunn, J.

This action was brought to recover from defendant surety company on a mechanic's lien bond given to plaintiff as mortgagee. A demurrer to the complaint was overruled, and defendant appealed.

The complaint states the following facts: One Waldon was erecting a building on land in St. Paul owned by him. There was a first mortgage on the property for $9,000 to the Minnesota Mutual Life Insurance Company. The land was worth $5,000, and the building, when finished, would make the total value of the property $23,000. On June 4, 1908, Waldon applied to plaintiff for a loan of $5,500 to be secured by a mortgage on the property, and agreed, as an inducement to plaintiff to make the loan, to furnish to plaintiff a bond, with defendant surety company as surety, conditioned to keep the mortgaged premises free from mechanics' liens. The bond was executed by Waldon and his wife as principals, and by defendant surety company as surety, and delivered to plaintiff. It recited that the Waldons are about to procure the loan from plain-

tiff, that buildings are being erected on the property, that the time for filing mechanics' liens has not expired, and that the bond is given as an inducement to plaintiff to make the loan notwithstanding these facts. The amount of the bond was $5,500, and the condition was that the principals and surety should "well and truly pay for all the work and labor upon the materials and fixtures furnished for such buildings and improvements and shall keep the said land, buildings and improvements free and clear of and from all liens of every kind, * * * and shall well and fully pay all losses, damages, costs, and expenses of every kind and nature resulting from failure so to do." The mortgage, executed on the same day, contained covenants of title and against incumbrances, except the first mortgage, and a covenant to keep the premises free from all liens for labor or materials.

Neither Waldon nor the surety company paid the claims for labor and material, and liens aggregating nearly $16,000 were filed, and in an action brought to enforce them were adjudged valid liens superior to either mortgage. In such action the surety company defended for plaintiff. The judgment, rendered October 28, 1909, ordered a sale to satisfy the liens. The sale was made February 28, 1910, for $16,040.24, and approved by the court. There was a default in the mortgage held by plaintiff, and on October 4, 1909, he foreclosed such mortgage by advertisement and bid in the property at the sale for the full amount of the debt and interest, with costs of foreclosure. The owner of the first mortgage redeemed from the sale under the mechanic's lien judgment. By reason of these facts plaintiff has wholly lost his security for the loan. His rights in the mortgaged property have been lost by reason of the mechanics' liens.

Does this complaint state a cause of action? That there was a breach of the bond is clear, but has plaintiff been damaged? It is the contention of defendant that plaintiff suffered no damage because of the failure to keep the mortgaged premises free from mechanics' liens, for the reason that the mortgage debt was paid in full and discharged when plaintiff, as mortgagee, bid in the mort-

gaged property at the foreclosure sale for the full amount of the debt.

It is correct that the bond was one of indemnity only, and not an affirmative agreement to pay the claims for labor and materials, and therefore that plaintiff must show that he has been damaged. It is also true that the sale on foreclosure satisfied and discharged the debt as between the mortgagor and mortgagee, and that the purchaser at the sale took the property subject to the mechanics' liens. Of course, if it were true in fact that the mortgagee received payment in full of the debt, it is evident that he could not be damaged by the loss of the security. If, for instance, the mortgagor had paid the debt, or if another than the mortgagor had purchased at the sale, the security would be released, and no loss would accrue to the mortgagor. But where the debt is paid because the mortgagee buys at the sale, does he suffer no loss if the premises are taken from him on mechanics' liens?

Defendant relies on American Building & Loan Assn. v. Waleen, 52 Minn. 23, 26, 53 N. W. 867, and that case certainly gives support to defendant's position. There the mortgagee at the foreclosure sale bid in the premises for the full amount of the mortgage debt and subsequently paid off certain paramount mechanics' liens. It was held that, the mortgage debt having been satisfied by his bid, which must be deemed to have been for the premises as the title then stood, the mortgagee sustained no damage, and could not recover on a bond against mechanics' liens. The majority opinion in the Waleen case is based upon two propositions: First, that the mortgage debt was paid by the sale; second, that a purchaser at a foreclosure sale, if the mortgage contains no covenants of title and the title proves defective, has no claim upon the mortgagor to make it good.

Both of these propositions are at least technically correct; but it seems to us a fiction to say that the mortgagee, who bids in the property at the foreclosure sale for the full amount of the debt, as he is practically compelled to do, is not damaged when the property is taken from him through mechanics' liens. Nothing can obscure the plain fact that he has actually lost his claim. He has actually

received nothing, even though, as between himself and the mortgagor, the debt is paid. The land which he purchased at the sale, and which continued to be security for the mortgage debt until the time for redemption expired, was lost to him through the breach of the conditions of a bond which he took to protect against just this thing.

The important consideration is that the bond was not given as security for the debt, but as security for the title of the mortgaged property, to protect the mortgagee against the chance of the loss of his security by mechanics' liens. Clearly the sale did not release the covenants in the mortgage. The mortgagee, as purchaser, still had a claim against the mortgagor to make the title good. This is recognized in the Waleen case; but the express covenants of title, against incumbrances, and against mechanics' liens in the mortgage in the case at bar, may not be a sufficient distinction between that case and this. However, we are not disposed to extend the doctrine of the Waleen case, or to apply it so as to deny the right to recover on a bond given to protect against the very loss which the obligee suffers.

Had plaintiff not foreclosed his mortgage, his claim would be clear. The foreclosure in no substantial way changed the position or relation of the parties. It certainly did not prejudice the surety. The obligors of the bond agreed to protect the mortgaged property against liens. They failed to do so, and plaintiff thereby lost his security.

It is true that plaintiff, after the sale, was no longer a creditor, but a purchaser, and that his rights against the mortgagors on the covenants are no greater than would be the rights of a stranger who purchased at the sale; and it is difficult to see how the covenants in the mortgage affect the question of liability on the bond, except as those covenants, construed with the language of the bond, help to show what the obligors agreed to do. By the terms of the bond the obligors agreed to indemnify the mortgagee against the same incumbrances and liens that the mortgagors agreed to indemnify against by the covenants in the mortgage. When it is conceded, as it must be, under the decision in Security Bank v. Holmes, 65 Minn. 531,

68 N. W. 113, 60 Am. St. 495, that the mortgagor, the principal on the bond, was still liable on the covenants in the mortgage against incumbrances and mechanics' liens, it seems almost absurd to say that the collateral security of the bond was extinguished by the sale, or that either the principal or surety was thereby released from liability for a breach of the bond's conditions.

In effect, if not in express words, defendant surety company agreed to indemnify plaintiff against Waldon's failure to perform the covenants in the mortgage. Defendant's position is based on the proposition that the bond was given to protect the mortgage, not the title; but this is not the fair import of the language of the bond. It was to protect the title, as much as a policy of title insurance would have been, and was in effect a guaranty or insurance of the title against mechanics' liens. There can be no doubt that it was entirely competent for defendant to give and for plaintiff to take this guaranty, or insurance, and no reason why such a contract, based as this was on a valuable consideration, is not valid.

We see no reason for holding that plaintiff was no longer entitled to the benefit of his contract, when he ceased to be a creditor and became a purchaser; nor do we perceive any sound reason for saying that the collateral security was extinguished by the sale. A stranger who purchased at the sale would be entitled to enforce the covenants in the mortgage that ran with the land, but would not have the collateral security of the bond. Plaintiff contracted for and paid for this security; that he is in a better position than a stranger is due to his taking security which the stranger, who was not a party to the contract is not entitled to enforce.

Our conclusion therefore is, notwithstanding the Waleen case and the subsequent case of American Bldg. & Loan Assn. v. Stoneman, 53 Minn. 212, 54 N. W. 1115, which follows the former case, that the allegations of the complaint in the case at bar state a cause of action for substantial damages, and that the demurrer was properly overruled.

Order affirmed.