A. D. KLEINMAN v. BERTHA M. NEUBERT.[1]

May 16, 1919.

No. 21,371.

**Mortgage — foreclosure for nonpayment of instalment — recovery of surplus.**

1. Where a mortgage is foreclosed for nonpayment of an instalment, the mortgagee may bid in the property for the full amount of the

[1]Reported in 172 N. W. 315.

mortgage debt, and after satisfying the amount then due may apply the surplus in paying the amount not then due, but must pay any further surplus to the mortgagor. Failure to pay such further surplus to the mortgagor gives him a cause of action against the mortgagee, but does not invalidate the sale.

**Same — sale of two lots in one parcel.**

2. Where the property consists of contiguous lots occupied by two buildings and no request is made to sell them separately, a sale in one parcel is valid.

Action in the district court for Hennepin county to set aside a mortgage foreclosure sale. Defendant's demurrer to the amended complaint, upon the ground that upon its face it did not state facts sufficient to constitute a cause of action, was sustained, Hale, J. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

*C. J. Cahaley,* for appellant.

*C. E. Purdy,* for respondent.

TAYLOR, C.

This is an appeal by plaintiff from an order sustaining a demurrer to his complaint.

Plaintiff is the owner of lots 4, 5 and the north 28 feet of lot 6 in block 4 in Anderson, Douglas and Company's First Addition to Minneapolis, on which there are two apartment buildings, one on lot 4 and the other partly on lot 5 and partly on the north 28 feet of lot 6. Plaintiff acquired the property subject to a first mortgage of $12,000 and a second mortgage of $18,000, executed by his predecessor in title. Defendant, the holder of the second mortgage, foreclosed it for nonpayment of interest in the sum of $620 and at the foreclosure sale, held on June 17, 1918, bid in the property for the sum of $20,023.57, and received the usual sheriff's certificate of sale therefor.

Plaintiff brought this action to set aside and annul the foreclosure sale, and in his complaint set forth in full the mortgage, the notice of sale and the sheriff's certificate of sale, and also set forth that he had defaulted in the payment of $620 of interest as asserted in the notice of foreclosure. That the defendant had the right to foreclose his mort-

gage for the default in the payment of interest, and that the foreclosure proceedings were regular in all respects, are not questioned.

The mortgage was payable in instalments evidenced by promissory notes, and authorized the holder to declare the entire amount due and payable in case of any default. The notice of the foreclosure sale stated the amount then due and in default, but made no reference to the deferred instalments.

Plaintiff seems to be laboring under a misconception of the provisions and effect of the statute governing the foreclosure of mortgages. The gist of his contention seems to be that as the foreclosure notice stated that the default consisted in the nonpayment of the sum of $620, the amount then actually past due, and further stated that the mortgage would be foreclosed to pay the amount due at the date of sale, with costs, attorney's fees and taxes, and failed to declare the deferred instalments to be due, the defendant could not bid in the property at the sale for more than the amount then actually past due, together with the amount of taxes paid and the costs and expenses of sale, and that defendant's act in bidding in the property for the sum of $20,023.57, being the full amount claimed under the mortgage, was unauthorized and rendered the sale void.

The statute provides that the sale shall be "at public vendue to the highest bidder," G. S. 1913, § 8127; that the mortgagee or his assignee, may purchase at the sale, G. S. 1913, § 8132; that where the mortgage is payable in instalments "the proceeds of sale, after satisfying the instalment due, with interest, taxes paid, and costs of sale, shall be applied towards the payment of the residue of the sum secured by such mortgage, and not due and payable at the time of such sale; and, if such residue does not bear interest, such application shall be made with rebate of the legal interest for the time during which the residue shall not be due and payable; and the surplus, if any, shall be paid to the mortgagor, his legal representatives or assigns." G. S. 1913, § 8130.

Plaintiff's contention that defendant could bid in the property only for the amount stated as due in the notice of sale with taxes and costs of sale added, finds no support whatever in the statute. On the contrary, the statute requires the sale to be made for the highest amount which can be obtained at a public auction. The amount claimed to be due in the

notice in no manner limits or determines the amount which may be bid at the sale, and plaintiff's contention to the contrary is without merit. Where the property sells for more than the amount then due, the question arises as to the disposition to be made of the surplus, but the statute has solved this problem by providing that such surplus shall be applied in paying that part of the mortgage debt not then due, and that any further surplus shall be paid to the mortgagor.

Plaintiff's argument that the notice led him to believe that the property would be sold for only the amount of a small instalment and could be redeemed by paying the amount of such instalment with costs, and therefore that a sale for the full amount of the debt should not be permitted to stand, because in that event he cannot redeem without paying the full debt, is answered by the statute which authorizes the making of the sale exactly as it was made. This statute has been in force for many years and was construed and applied as long ago as Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, 6 N. W. 486, and Taylor v. Burgess, 26 Minn. 547, 6 N. W. 350.

Plaintiff also asserts that defendant bid in the property for more than the amount to which he is entitled under his mortgage; that defendant claims to be entitled to the full amount bid and has retained all thereof except the amount paid as expenses of the sale; and that the sale should be annulled for this reason. If defendant is retaining more of the proceeds of the sale that he is entitled to, this fact does not affect the validity of the sale, but gives plaintiff a cause of action to recover such surplus. It is to be noted that the present action is brought solely for the purpose of setting aside the sale as void and not to recover any alleged surplus.

Plaintiff further contends that the sale was void because the property was sold for one gross sum. The land is in fact a single contiguous tract occupied by two buildings. Both mortgages cover the entire property. No request was made to have it sold in separate parcels, but the certificate recites that each tract having been offered for sale separately, they were sold in one parcel. Selling the property as one parcel under such circumstances did not invalidate the sale. Willard v. Finnegan, 42 Minn. 476, 44 N. W. 985, 8 L.R.A. 50; Phelps v. Western Realty

Co. 89 Minn. 319, 94 N. W. 1085, 1135; Clark v. Kraker, 51 Minn. 444, 53 N. W. 706.

The order is affirmed.