KOODA BROTHERS CONSTRUCTION, INC., Respondent,

v.

UNITED FEDERAL SAVINGS AND LOAN ASSOCIATION OF ALEXANDRIA (n.k.a. Washington Federal Savings Bank), et al., Respondents,

Jennings C. Kooda, et al., Appellants.

No. C0-86-1677.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Penn Charles Brandborg, Fergus Falls, for Kooda Bros. Const., Inc.

Thomas J. Reif, Thornton, Hegg, Reif & Johnston, Alexandria, for United Federal Sav. and Loan Ass'n of Alexandria (n.k.a. Washington Federal Sav. Bank), et al.

Charles A. Krekelberg, Williams, Nitz, Krekelberg & Stringer, Pelican Rapids, for Jennings C. Kooda, et al.

Considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

This appeal is from partial summary judgment entered for respondent United Federal Savings and Loan on its cross-claim for indemnity against its mortgagors

Jennings C. and Jean Kooda. The trial court found no just reason for delay and expressly ordered the entry of final judgment. Minn.R.Civ.P. 54.02; Minn.R.Civ. App.P. 104.01. We affirm.

## FACTS

Respondent Kooda Brothers Construction is a corporation engaged in the general construction business in the Alexandria area. It is owned by members of the Kooda family, including appellants Jennings and Jean Kooda, who are also employees. The corporation agreed with the Koodas to build two houses, on separate parcels of land owned by the Koodas.

On June 7, 1978, the Koodas executed a mortgage on the Scenic Heights addition property to United Federal Savings and Loan (hereinafter United Federal). On December 14, 1978, they executed a mortgage for $86,000 to United Federal on the same property, and on another parcel located on Lake Darling. The mortgages included covenants of title and against encumbrances. The Koodas also signed an affidavit stating there were no liens or charges on the property.

United Federal began foreclosure by advertisement on the later mortgage on November 17, 1979. On December 24, 1979, the corporation filed mechanic's lien statements on both properties. The corporation claimed that work had started on the properties before they were mortgaged.

The mortgage foreclosure sale was held on January 18, 1980. United Federal bid in and purchased the properties for the full amount of the Koodas' debt on the loan, $96,459.65. There was no redemption from the foreclosure. United Federal sold each of the properties and agreed to indemnify the purchasers against the mechanic's lien claims, of which it was aware when it foreclosed.

In November 1980, Kooda Brothers brought these actions to enforce its mechanic's lien claims. United Federal filed cross-claims against the Koodas, claiming a right to indemnity if the mechanic's liens were found to be prior and superior.

The trial court granted United Federal's motion for summary judgment on the cross-claims. The corporation has stipulated it would not pursue the Koodas on the mechanic's lien claims if United Federal is entitled to indemnity.

## ISSUE

Did the trial court err in finding United Federal entitled to indemnity?

## ANALYSIS

The Koodas' mortgage included a covenant against prior encumbrances. They contend, however, that this covenant did not survive the mortgage foreclosure, in which United Federal purchased the property for the full amount of the debt. They argue also that by its cross-claim, United Federal is seeking a deficiency judgment which is barred to it in a foreclosure by advertisement. Finally, they claim United Federal elected its remedy by foreclosing in that manner and should not now be allowed to pursue an indemnity claim.

■ The Koodas cite *American Building and Loan Association v. Waleen,* 52 Minn. 23, 53 N.W. 867 (1892). In *Waleen,* the court held that the mortgagee could not recover on a mortgagor's bond of indemnity against mechanic's liens after the mortgagee purchased the property at the foreclosure sale for the full amount of the debt. The *Waleen* holding was limited in *Wood v. Pacific Surety Co.,* 116 Minn. 474, 134 N.W. 127 (1912), on which the trial court relied. *Wood* reached the opposite result. The parties agree the two cases are controlling.

The court in *Waleen* held that the mortgagee suffered no damages to be indemnified. *Waleen,* 52 Minn. at 28, 53 N.W. at 869. Noting the mortgage contained no covenants of title, the court stated:

What was offered for sale on the foreclosure, and what plaintiff bought, was just such title as the mortgagor had, and it was for that title, whatever it was, that plaintiff bid the full amount of the mort-

gage debt; and therefore it has received full satisfaction of its claim * * .*.

*Id.*

In this case, as in *Wood*, covenants of title appear, including a covenant against encumbrances. Therefore, although United Federal received full payment of the debt through the foreclosure, it did not receive the title promised in the mortgage. The supreme court stated in *Wood*:

The important consideration is that the bond was not given as security for the debt, but as security for the title of the mortgaged property, to protect the mortgagee against the chance of the loss of his security by mechanics' liens. Clearly the sale did not release the covenants in the mortgage. The mortgagee, as purchaser, still had a claim against the mortgagor to make the title good.

116 Minn. at 478, 134 N.W.2d at 128–29.

The court in *Wood* expressed doubt whether the covenants of title in the mortgage were sufficient grounds for distinguishing *Waleen. Id.* at 478, 134 N.W.2d at 129. However, the court in *Waleen* itself recognized: "Where the mortgage contains covenants of title which run with the land, different considerations apply." *Waleen*, 52 Minn. at 28, 53 N.W. at 869.

There is a view opposed to *Wood*, holding that covenants in a mortgage entitle the mortgagee only to recover the amount due on the mortgage. *See Tott v. Johnson*, 51 Iowa 192, 1 N.W. 498 (1879). This view, however, has been rejected in Minnesota. *Security Bank of Minnesota v. Holmes*, 65 Minn. 531, 535–36, 68 N.W. 113, 114 (1896).

The covenant against encumbrances is one of indemnity. *Id.* at 534, 68 N.W. at 113. It requires the Koodas to indemnify United Federal for any damages suffered as a result of a breach of the covenant. The covenant concerns title to the mortgaged property, not repayment of the debt. Therefore, we conclude United Federal's cross-claim is not barred because of the foreclosure, either by the doctrine of election of remedies or by the waiver of deficiency judgments. *See* Minn.Stat. § 580.-

23, subd. 1 (1986) (foreclosure by advertisement).

The doctrine of election of remedies applies only if the alternative remedies are inconsistent. *See Bond v. Charlson*, 374 N.W.2d 423, 431 (Minn.1985) (plaintiff could not recover damages for both breach of contract and rescission). A mortgagee foreclosing to recover the amount of the debt does not lose its right to enforce the covenants, which concern the title to the mortgaged property. *Security Bank of Minnesota v. Holmes*, 65 Minn. at 536, 68 N.W. at 114. The remedy of foreclosure is not inconsistent with an indemnity claim for breach of a covenant in the mortgage. Similarly, since the covenants do not concern the debt itself, their enforcement by a claim of indemnity is not a deficiency judgment. There could be no deficiency here as United Federal purchased the property for the full amount due it. *See* Minn.Stat. § 581.09 (1986).

### DECISION

The trial court did not err in determining that respondent was entitled to indemnity against the mechanic's liens.

Affirmed.