**FARMERS AND MERCHANTS BANK OF PRESTON, Appellant,**

v.

**Ronald W. JUNGE, Respondent.**

**No. C4-90-245.**

Court of Appeals of Minnesota.

Aug. 7, 1990.

Thomas W. Healy, Rochester, for appellant.

Paul W. Bucher, Susan C. Scheffer, Dunlap, Finseth, Berndt & Sandberg, P.A., Rochester, for respondent.

Considered and decided by WOZNIAK, C.J., and PARKER, and FOLEY, JJ.

## OPINION

WOZNIAK, Chief Judge.

Appellant Farmers and Merchants Bank of Preston commenced this action, seeking a declaration that Ronald W. Junge, respondent, is not the immediately preceding former owner of property redeemed by the bank during Junge's mortgage foreclosure.

The trial court entered summary judgment in favor of Junge, holding Junge the immediately preceding former owner under Minn.Stat. § 500.24, subd. 6 (1986), to whom the bank had an obligation to offer the property for sale or lease before sale or lease of the property to a third party. The bank appeals, claiming the mortgagee who purchased the property at the foreclosure sale is the immediately preceding former owner. We disagree and affirm.

## FACTS

Ronald W. Junge was the owner of a farm located in Fillmore County. In 1979, he gave a mortgage on the farm to The Travelers Insurance Company as security for a loan. In 1980, he gave a second mortgage; and in 1981, a third mortgage to Farmers and Merchants Bank of Preston. In 1982, Travelers foreclosed on the mortgage and purchased the property. Junge did not redeem the property within his 12–month redemption period ending December 8, 1983. On December 12, 1983, the bank redeemed the property as Junge's creditor.

From 1985 through 1987, the bank sold portions of the property under contracts for deed. From 1984 through 1989, the bank also leased portions of the property. Effective March 22, 1986, the legislature created a right of first refusal in the "immediately preceding former owner" of certain agricultural land. 1986 Minn.Laws ch. 398, art. 20, §§ 1, 2 (codified at Minn.Stat. § 500.24, subd. 6). The bank did not make Junge an offer to buy or lease the property before it completed the land transactions.

In addition to the above transactions, Junge claims the bank leased or pledged 86 acres to the United States Department of Agriculture for which the bank receives a guaranteed annual payment. He also claims that six of the acres sold during one of the transactions were not included in Junge's mortgages to the bank and that the bank has required, as a condition of its purchase of those acres from Junge, that he waive all rights of first refusal under § 500.24, subd. 6 as to all property the bank has acquired. Once the bank commenced its declaratory judgment action, Junge counterclaimed for damages, an accounting, set aside, and a declaration that he is the immediately preceding former owner of the property. Junge's counterclaim has been stayed pending this appeal.

## ISSUE

Did the trial court err in granting summary judgment against the bank, declaring Junge to be the immediately preceding former owner of the property under Minn. Stat. § 500.24, subd. 6?

## ANALYSIS

On appeal from a grant of summary judgment, this court determines whether any genuine issues of material fact exist and whether the trial court erred in applying the law. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). Both parties agree that no questions of fact exist. This appeal concerns whether the trial court erred in construing the law to hold Junge the "immediately preceding former owner" who has the right of first refusal. The construction of a statute is a question of law and subject to de novo review on appeal. *Doe v. Minnesota State Board of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989).

■ The bank claims that Travelers has the right of first refusal as to the property because Travelers purchased the property when it foreclosed on Junge's mortgage and Junge did not redeem it. It claims that Travelers succeeded to Junge's interest at the expiration of his redemption period. Thus, the bank argues, Travelers is the immediately preceding former owner of the property.

■ The word "owner" as it relates to real property does not have a fixed meaning applicable to all circumstances. In the context of Minn.Stat. § 500.24, subd. 6, the word "owner" must be interpreted so as to effect as nearly as possible the intent of the legislature. We agree with the trial court that, for purposes of the right of first refusal, "owner" means the holder of the fee simple title to the property. *Cf.* Minn. Stat. § 500.24, subd. 6(b) (1988).

It is established law that title to property purchased at a mortgage foreclosure vests upon expiration of the redemption period. Minn.Stat. § 580.12 (1986), *see Finnegan v. Effertz*, 90 Minn. 114, 116, 95 N.W. 762, 762 (1903); *Lindgren v. Lindgren*, 73 Minn. 90, 99, 75 N.W. 1034, 1036 (1898); *Hokanson v. Gunderson*, 54 Minn. 499, 503, 56 N.W. 172, 173 (1893).

Junge contends that Travelers never was an owner of the property because all the rights of redemption, his and those of his creditors, did not expire. Because the bank exercised its right of redemption under Minn.Stat. § 580.24 (1986), Travelers' rights in the property never ripened into a fee title. If Travelers was never an "owner," the immediately preceding former owner must be Junge.

A mortgagor has the right of redemption under Minn.Stat. § 580.23 (1986). Once the mortgagor has failed to redeem and the redemption period has expired, Minn.Stat. § 580.24 grants creditors successive five-day periods in which to redeem the property in order of priority of their interests. If redemption is made by a creditor, a certificate of redemption operates as an assignment of the right acquired under the foreclosure sale subject to the right of any other person to redeem as provided by law. Minn.Stat. § 580.27 (1986).

It is apparent from the statutory framework for foreclosure that title is not acquired until all rights of redemption have expired. The purpose of a mortgage foreclosure sale is to terminate all interests junior to the mortgage being foreclosed and provide the sale purchaser with a title identical to that of the mortgagor as of the time the mortgage was executed. *Gerdin v. Princeton State Bank*, 384 N.W.2d 868, 871 (Minn.1986).

Instead of terminating its interest by allowing its redemption period to expire, the bank redeemed the property as a junior lienholder. Redemption precluded Travelers' interest from ripening into a fee title and prevented Travelers from becoming an owner of the property. Junge, therefore, is the immediately preceding former owner in whom the statutory right of first refusal was created.

After reasoning through the parties' arguments, the trial court granted summary judgment against the bank. Before entry of final judgment under Minn.R.Civ.P. 54.-02, we decided *Carlson v. Lilyerd*, 449 N.W.2d 185 (Minn.App.1989), *pet. for rev. denied* (Minn. Mar. 8, 1990). Because the trial court's analysis accurately and eloquently decides the issue on appeal, we need not decide whether *Lilyerd* controls the parties' dispute. However, in *Lilyerd*, we held the 1989 amendment to section 500.24, subd. 6, a clarification of existing law and thus applies retroactively. *Id.* at 191–92. The amendment states that only a family farmer, family farm corporation, or family farm partnership can be an immediately preceding former owner. Minn.Stat. § 500.24, subd. 6(b) (Supp.1989). Thus, Travelers cannot be the immediately preceding former owner as the bank contends. Under the statute, only Junge fits the definition of the immediately preceding former owner of the property to whom notice and the right of first refusal was granted.

### DECISION

The trial court correctly declared Junge to be the immediately preceding former owner of the subject property, to whom the bank must give notice under Minn.Stat. § 500.24, subd. 6.

Affirmed.