**STATE of Minnesota, Respondent,**

v.

**John Ignatius ZACHER, Appellant.**

**No. CO–92–117.**

Court of Appeals of Minnesota.

Oct. 6, 1992.

Review Granted Dec. 15, 1992.

Gregory K. Larson, Little Falls, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Margaret H. Chutich, Sp. Asst. Atty. Gen., St. Paul, Gaylord A. Saetre, Todd County Atty., Long Prairie, for respondent.

Considered and decided by SHORT, P.J., and AMUNDSON and HARTEN, JJ.

## OPINION

AMUNDSON, Judge.

This appeal is from a judgment of conviction for defeating a security interest in real property. Minn.Stat. § 609.615(2) (1990). We reverse.

## FACTS

Appellant John Zacher was convicted by a jury of one count of defeating a security interest in real property. Zacher had obtained a $50,000 loan from the Staples State Bank, secured by a mortgage on the North Forth Office Building in Staples. The note was renewed once, and foreclosure proceedings were begun but not pursued.

In late 1989, the bank again began a foreclosure by advertisement. A foreclosure sale was held in March 1990 and the bank purchased the property for the full amount of the debt. On September 12, 1990, a day before the end of the statutory six-month redemption period, bank officers saw Zacher carrying items out of the building. Zacher admitted he removed the new furnace and air conditioner, newly-purchased paving blocks for the driveway, as well as lighting fixtures and doors. These items were later seized by police from a storage facility rented by Zacher.

After the close of evidence, Zacher moved for judgment of acquittal, arguing there was no criminal liability under the statute because the mortgage was extinguished by the foreclosure sale. The trial court denied the motion, and the jury returned a guilty verdict.

## ISSUE

Was the property "subject to a mortgage" under Minn.Stat. § 609.615?

## ANALYSIS

■ The statute under which Zacher was convicted reads:

> Whoever removes or damages real property *which is subject to a mortgage,* mechanic's lien, or contract for deed, with intent to impair the value of the security, without the consent of the security holder, may be sentenced as follows.

Minn.Stat. § 609.615 (1990) (emphasis added). Zacher contends this statute does not cover his conduct because the foreclosure sale extinguished the mortgage and the property was no longer "subject to a mortgage." We agree.

The supreme court has stated, concerning the status of a mortgage following a foreclosure by advertisement:

> The effect [of the foreclosure] was to discharge the mortgage, even as security for the debt. Upon foreclosure, a mortgage becomes functus officio. Thereafter, if there is no redemption, it remains a mere muniment of title. To the extent of the bid at the sale, the debt ceases to exist. After foreclosure, the rights of the parties are measured, not by any-

thing in the mortgage, except as it is a muniment of title, but by the statute. *Gardner v. W.M. Prindle & Co.*, 185 Minn. 147, 151, 240 N.W. 351, 352 (1932).

A penal statute must be strictly construed and any doubt as to the legislative intent is resolved in favor of the defendant. *State v. Serstock*, 402 N.W.2d 514, 516 (Minn.1987).

Minnesota is a "lien theory" state, which treats a real estate mortgage as a lien or security rather than a conveyance of title to the property. Minn.Stat. § 559.17, subd. 1 (1990); *See, e.g., Petition of S.R.A., Inc.*, 213 Minn. 487, 494, 7 N.W.2d 484, 488 (1942). Minn.Stat. § 609.615 uses the term "mortgage," as synonymous with "security interest." This accords with the historical treatment of mortgages in this state. Under the statute, it is immaterial that a mortgage after foreclosure may serve the incidental function of a "muniment of title." *Gardner*, 185 Minn. at 151, 240 N.W. at 352; *cf. Farmers & Merchants Bank v. Junge*, 458 N.W.2d 698, 700 (Minn.App. 1990) (title purchased at foreclosure sale does not vest until end of redemption period); *Kooda Bros. Constr., Inc. v. United Fed. Sav. & Loan Ass'n*, 400 N.W.2d 407, 409 (Minn.App.1987) (covenants of title in a mortgage survive the foreclosure sale).

The interpretation of a statute is a question of law which an appellate court reviews de novo. *Sorenson v. St. Paul Ramsey Medical Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). The trial court held that until the foreclosure is complete, upon expiration of the redemption period, the mortgage continues as a lien or security interest. But, however egregious appellant's conduct and however desirable that it be subject to criminal sanctions, the mortgage as a lien or security interest does not survive the foreclosure sale. Thus Minn.Stat. § 609.-615(2) does not apply to appellant's actions. We note, however, that appellant may still be subject to criminal sanctions under other provisions of the criminal code.

The mortgage foreclosure sale totally alters the relationship of the parties to the property. The mortgagor's equity of redemption expires after the sale, and is replaced by a statutory right of redemption from the sale. *See Bowen v. Bankers' Life Co.*, 185 Minn. 35, 38, 239 N.W. 774, 775 (1931). A mortgagee who bids in the balance due on the mortgage and acquires property, has received payment fully extinguishing the debt. *See* Minn.Stat. § 580.10 (1990); *Kleinman v. Neubert*, 142 Minn. 424, 427, 172 N.W. 315 (1919). The purchaser at the sale takes that title which the mortgagor enjoyed, subject to the mortgagor's right of redemption. Minn.Stat. § 580.12 (1990). It is evident that the security interest evidenced by the mortgage has expired at that point. The mortgage has become functus officio, a task performed. *Gardner*, 185 Minn. at 151, 240 N.W. at 352. What remains are simply statutory rights. *Id.*

There is no reason to depart from the rule of strict construction in construing Minn.Stat. § 609.615(2). Because we conclude the statute cannot be applied to appellant's conduct, we need not reach the other issue raised by appellant.

## DECISION

Appellant's conduct in removing fixtures after foreclosure is not covered by the criminal statute forbidding actions which defeat a security interest in real property.

Reversed.

SHORT, Judge (dissenting).

I respectfully dissent. The principle of strict construction of criminal statutes does not always require the narrowest possible interpretation of a criminal statute. *See, e.g., State v. Ford*, 397 N.W.2d 875, 879–80 (Minn.1986) (criminal statute interpreted broadly); *State v. Andow*, 386 N.W.2d 230, 232–33 (Minn.1986) (same). A mortgage continues to function after the foreclosure sale. *See Farmers & Merchants Bank v. Junge*, 458 N.W.2d 698, 700 (Minn.App. 1990) (title after foreclosure not acquired until all rights of redemption have expired); *Kooda Bros. Constr., Inc. v. United Fed. Sav. & Loan Ass'n of Alexandria*, 400 N.W.2d 407, 409 (Minn.App.1987) (foreclosing mortgagee not barred from enforcing

mortgage covenant). The mortgagee purchasing at the foreclosure sale has a security interest until the period of redemption expires. *See Woodmen of the World Life Ins. Soc'y v. Sears, Roebuck & Co.*, 294 Minn. 126, 131, 200 N.W.2d 181, 184 (1972) (security interest of mortgagee or purchaser at foreclosure sale is to be protected and preserved).

When Zacher removed the fixtures a day before the redemption period expired, the property was still subject to a mortgage and the bank had a security interest. Zacher's conduct fits within the literal terms of the statute. *See* Minn.Stat. § 609.615(2) (1990).(defeating security on realty). Moreover, it would unduly frustrate the intent of the statute to exempt the malicious destruction of property after the foreclosure sale, while the mortgagor has a right of possession. I would affirm Zacher's conviction.