**FARM CREDIT BANK OF ST. PAUL, et al., Appellants (CX–93–1611), Respondents (C5–93–1869),**

v.

**David MICHELS, et al., Respondents (CX–93–1611), Appellants (C5–93–1869).**

Nos. CX–93–1611, C5–93–1869.

Court of Appeals of Minnesota.

March 8, 1994.

Review Denied April 22, 1994.

**8**

C. Thomas Wilson, Jeffry C. Braegelmann, Gislason, Dosland, Hunter & Malecki, New Ulm, for Farm Credit Bank of St. Paul, et al.

Lawrence H. Crosby, St. Paul, for David Michels, et al.

Considered and decided by FORSBERG, P.J., and CRIPPEN and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants Farm Credit Bank of St. Paul (Farm Credit) and Harlan and Bonita Olson argue that the district court erred in (1) determining that respondents David and Rita Michels were entitled to a right of first refusal under Minn.Stat. § 500.24, subd. 6, (2) determining that the Michels did not have to demonstrate they had the financial ability to exercise the statutory right of first refusal at the time the right allegedly should have been offered to them, and (3) determining that damages should be measured as the difference between the right of first refusal price and the fair market value of the property on the date that the Michels tendered the right of first refusal price. We reverse.

## FACTS

The Michels granted a mortgage on their farmland to Farm Credit on February 28, 1980. On January 9, 1986, Nicollet Ag Services (Nicollet Ag) obtained a money judgment against the Michels. On April 1, 1986, Nicollet Ag conducted an execution sale and purchased the subject property. Under Minn.Stat. § 550.25, the Michels had a one-year redemption period following the sale. The redemption period was scheduled to end on April 1, 1987, but the Michels filed a bankruptcy petition on March 31, 1987. Under 11 U.S.C. § 108, the filing extended the redemption period for another 60 days—until June 1, 1987. At this time, Nicollet Ag acquired title to the subject property, subject to the Farm Credit mortgage.

On March 15, 1988, Farm Credit conducted its foreclosure sale. Farm Credit was the highest bidder and obtained the sheriff's certificate from the sale. On April 24, 1989, Farm Credit and the Olsons executed a purchase agreement concerning the subject property. On April 25, 1989, Farm Credit offered the statutory right of first refusal to Nicollet Ag, which waived that right. On May 1, 1989, Farm Credit and the Olsons closed on their contract for deed.

Portions of the subject property were platted into building lots, and two lots were sold by the Olsons. Attorneys examined title on both of these sales and raised no title objections. In March 1991, however, an attorney doing a title examination in connection with the pending sale of a third lot raised title questions.

Farm Credit and the Olsons commenced this quiet title action. The Michels counterclaimed for specific performance and money damages. The district court determined that the Michels were the "immediately preceding former owners" and thus entitled to a Notice of Right of First Refusal before Farm Credit sold the land to the Olsons. Judgment was entered, and both parties appealed. These appeals were consolidated.

## ISSUE

Did the district court err by determining that the Michels were entitled to a right of first refusal?

## ANALYSIS

 The right of first refusal statute provides that

> a corporation may not lease or sell agricultural land or a farm homestead before offering or making a good faith effort to offer the land for sale or lease to the *immediately preceding former owner* at a price no higher than the highest price offered by a third party that is acceptable to the seller or lessor.

Minn.Stat. § 500.24, subd. 6(a) (1988) (emphasis added). The statute defines "immediately preceding former owner" as

> the entity with record legal title to the agricultural land or farm homestead before acquisition by the * * * corporation * * *.[1]

Minn.Stat. § 500.24, subd. 6(b).

The Michels argue that since the Farm Credit mortgage still burdened the property when Nicollet Ag took it, Nicollet Ag was not an "owner" within the meaning of the statute. Instead, the Michels argue that they were the immediately preceding former owners and thus entitled to the right of first refusal.

 This court has defined the term "owner" for the purposes of the right of first refusal statute:

> The word "owner" as it relates to real property does not have a fixed meaning applicable to all circumstances. * * * [F]or purposes of the right of first refusal, "owner" means the holder of the fee simple title to the property.

*Farmers and Merchants Bank of Preston v. Junge*, 458 N.W.2d 698, 699 (Minn.App.1990). In this case, Nicollet Ag acquired fee title to the property after the Michels' redemption period expired on June 1, 1987, even though the property was burdened by the Farm Credit mortgage. *See* Minn.Stat. § 559.17, subd. 1 (1992) ("A mortgage of real property is not to be deemed a conveyance, . . ."). Therefore, Nicollet Ag owned the property immediately before Farm Credit owned the property. As a result, the Michels were not

the "immediately" preceding former owners and were not entitled to a right of first refusal under the statute.

Since we decide that the Michels are not entitled to a right of first refusal under the statute, we need not decide whether it is necessary to demonstrate the financial ability to exercise the right at the time the right should have been offered in order to recover under the statute or the proper measure of damages under the statute.

## DECISION

The district court erred in determining that the Michels were entitled to a right of first refusal under the statute.

**Reversed.**

---

1. The provision defining the "immediately preceding former owner" as the "entity with record legal title" was part of the 1988 amendments to the statute. *See* 1988 Minn. Laws ch. 700, § 1. The effective date of the amendment was April 29, 1988. *See* 1988 Minn. Laws ch. 700, § 13.